QUESTION: May school board members or the board chairman meet at luncheon meetings or in other informal ways with the superintendent of school or his designee?
SUMMARY: Unless it can be clearly demonstrated that informal luncheon meetings between individual school board members and administrative staff members are purely social in nature and thus are not being used by the board as a vehicle by which to circumvent the Sunshine Law by secretly discussing matters pending before the board, such meetings should be immediately discontinued. The Sunshine Law, s. 286.011, F.S., provides essentially that any public board must conduct its meetings in public. School boards have been held to be under the Sunshine Law. Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Canney v. Board of Public Instruction of Alachua County 278 So.2d 260 (Fla. 1973). Any gathering of two or more members of a board called for the purpose of discussing the business of the board comes within the scope of the Sunshine Law. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). Accord: Attorney General Opinions 071-346 and 072- 16. In AGO 071-159, I held that a meeting of a public body to which the press and public were invited may be held in a public dining room. However, the opinion does say that It seems to me that the selection of a public dining room for the meeting might have a "chilling" effect on the public's willingness or desire to attend the meeting, since there would undoubtedly be many persons who would be reluctant to enter a public dining room without making a dinner purchase and who would be financially unable or personally unwilling to do so. Your letter does not state what arrangements were made to make sure that the proceedings were audible to the members of the public and the press in attendance; and I cannot help but observe that discussions among city council members and staff members that are audible only to a select few who are seated at the table with them might not satisfy the "openness" requirement of the Sunshine Law. . . . I am of the view that the city council might be well advised to avoid even the appearance of impropriety by expending all efforts to conform to the spirit as well as the letter of the Sunshine Law. You may wish to note that notice reasonably calculated to inform the public and press of the meeting is necessary. Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). However, if the actual purpose of the luncheon meetings is not to meet socially or informally with staff members but rather to attempt to circumvent the Sunshine Law by holding individual discussions with staff members which relate to matters pending before the Board, then such meetings would be in violation of the Sunshine Law. The "openmeeting" requirement of the Sunshine Law contemplates more than just perfunctory approval of matters brought before a board or commission. Oftentimes the most important aspect of a public meeting is not the final vote of the public body on a particular question but rather the discussion period which, under normal circumstances, precedes a vote taken by the public body. As noted by Chief Justice Adkins in Town of Palm Beach v. Gradison, No. 44,099, Fla. Sup. Ct., May 1, 1974, petition for rehearing pending, at 8-9: One purpose of the government in the sunshine law was to prevent at non-public meetings the crystalization of secret decisions to a point just short of ceremonial acceptance. Rarely could there be any purpose to a non-public premeeting conference except to conduct some part of the decisional process behind closed doors. The statute should be construed so as to frustrate all evasive devices. . . . The principle to be followed is very simple: when in doubt, the members of any board, agency, authority or commission should follow the open-meeting policy of the State. (Emphasis supplied.) Thus, even though such luncheon meetings are between individual members of the school board and staff as opposed to between school board members, I am of the view that such meetings would be found to violate the Sunshine Law if the purpose of the meetings was to avoid open discussion between board members at subsequent board meetings. If such is the case, then the staff members are performing a function at these "informal" luncheon meetings which ordinarily would be performed by other members of the board. The open meeting requirement of the law can not be circumvented by the board by doing indirectly through staff members what it is clearly prohibited from doing directly, i.e., discussing pending school board business in the dark. See I.D.S. Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (4 D.C.A. Fla. 1973). Under such circumstances, I am of the view that unless it can be clearly demonstrated that such luncheon meetings between individual school board members and staff are purely social in nature and thus are not being used to frustrate the purposes of the Sunshine Law or to circumvent the requirement of full and open discussion at board meetings, such informal meetings should be immediately discontinued.