Mr. Irvin S. Cowie County Attorney Polk County Post Office Box 60 Bartow, Florida 33830
Attention: Ms. Dawn Grant Kahre Assistant County Attorney
Dear Mr. Cowie:
This is in response to your request for an opinion on the following question:
 IS A MEETING BETWEEN THE CHAIRMAN OF A PRIVATE INDUSTRY COUNCIL, WHO IS APPOINTED BY THE GOVERNOR PURSUANT TO FEDERAL LAW, AND A SINGLE COUNTY COMMISSIONER, WHO IS THE CHAIRMAN OF A FIVE COUNTY CONSORTIUM CREATED PURSUANT TO s 163.01, F.S., SUBJECT TO s 286.011, F.S.?
Your letter asks whether a meeting between the chairman of a private industry council, who is appointed by the Governor pursuant to the federal "Joint Training Partnership Act,"29 U.S.C. § 1501, et seq. (see, 29 U.S.C. § 1512, which provides for the establishment of such councils), and a county commissioner who is the chairman of the Heartland Employment and Training Consortium, which is a five county consortium created pursuant to s 163.01, F.S., for the purpose of operating the federal "CETA/JTPA" program, is subject to the "Government-in-the-Sunshine Law." Supplemental information furnished us by your office states that the chairman-commissioner in question is the chairman of the administrative board or council which governs this consortium. In regard to the private industry council, s 1513 of the Joint Training and Partnership Act specifies that the function of the private industry council is to provide policy guidelines for activities under the job training plan for its service delivery area in partnership with local governmental units in its service delivery area.
Section 286.011(1), F.S. provides:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The test as to whether the meetings of particular boards, councils, commissions, or similar entities are subject to s286.011 has been judicially determined to be whether the board or council or other entity is subject to the dominion and control of the Legislature. City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971); Times Publishing Company v. Williams, 222 So.2d 470 (2 D.C.A.Fla., 1969).
Additionally, for s 286.011 to apply to a particular meeting, two or more members, of a body or other entity or group to which the Sunshine Law applies, must be present, or there must have been delegation of decision-making by such a body to either a single member thereof or to an advisory group or committee used by the covered entity. See generally, Florida Open Government Laws Manual, 1982, pp. 10-12, citing inter alia, Hough v. Stembridge,278 So.2d 288 (3 D.C.A.Fla., 1973); Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974); AGO 74-294. Moreover, for any particular meeting to be covered, the subject matter discussed must consist, at least in part, of "foreseeable action." This term refers to matters on which it is foreseeable that action will be taken by a board subject to the Sunshine Law. See, AGO 81-88, and Florida Open Government Laws Manual, p. 14.
Applying these principles to the question posed by your inquiry, it is apparent that, while meetings of the federally-created private industry council itself are not subject to the Government in the Sunshine Law, meetings of the governing or administrative board of the consortium described above are subject to s 286.011, since the consortium is an entity created pursuant to statute (s163.01) and one subject to the dominion and control of the Legislature. See, AGO 82-66; compare, AGO's 76-194, 78-24, 78-161, 80-45. However, since two or more members of the governing board of the consortium would not be present at the described meeting, there would need to exist delegation of decision-making to the single member of that group who will attend, before the Sunshine Law could apply. AGO 74-294.
I also note that the attending member of the consortium is a county commissioner of one of the five member counties. By application of the single member delegation rule set out above, and if this commissioner has in fact been delegated the authority to act on behalf of his commission (which is an entity subject to the Sunshine Law), then any meeting at which he exercises such a delegation would be subject to s 286.011.
In summary, a meeting between the chairman of a private industry council, who is appointed by the Governor pursuant to federal law, and a single county commissioner, who is the chairman of the administrative board of a five county consortium created pursuant to s 163.01, F.S. (the latter entity subject to the dominion and control of the Legislature) is not subject to s 286.011 unless there has been delegation of decision-making authority to that single member of the consortium who will attend the meeting.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General