Mr. T.M. Barlow Attorney for City of Indian Harbour Beach Post Office Box 3648 121-123 Fifth Avenue Indialantic, Florida 32903
Dear Mr. Barlow:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 MAY ONE MEMBER OF AN ELECTED CITY COUNCIL MEET OR TALK PRIVATELY WITH ONE MEMBER OF AN APPOINTED MUNICIPAL PLANNING AND ZONING BOARD TO DISCUSS DETAILS OF A RECOMMENDATION MADE BY THE PLANNING AND ZONING BOARD PRIOR TO THE TIME THAT THE CITY COUNCIL HAS MADE A FINAL DETERMINATION WITH RESPECT TO THAT RECOMMENDATION?
As city attorney for Indian Harbour Beach you have submitted this request on behalf of the city council.
Information submitted with your request states that the planning and zoning board of Indian Harbour Beach consists of five members who are appointed by the city council. The board serves in an advisory capacity to the council "making recommendations concerning virtually all planning and zoning matters upon which the City Council makes a final determination." The board reviews and holds public hearings on all requests for approval of development site plans and all applications for zoning variances. Minutes of the planning and zoning board meetings are prepared and are open to public inspection.
Usually matters on which the planning and zoning board makes recommendations come before the city council for final action approximately one week after action has been taken by the board. Occasionally individual members of the city council need to meet with individual members of the planning and zoning board to discuss the views of the members on the board's recommendation. You have requested assistance in determining whether such meetings between individual members of different entities (such entities being subject to and in compliance with s. 286.011, F.S.) are subject to provisions of the Sunshine Law.
Florida's Government-in-the-Sunshine Law, s. 286.011(1), F.S., provides in pertinent part:
 All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
This office and the Florida courts have stated that the Sunshine Law is applicable to any gathering where two or more members of a public board or commission discuss matters on which foreseeable action will be taken by the board or commission. See, Times Publishing Company v. Williams, 222 So.2d 470, 473 (2 D.C.A.Fla., 1969); AGO's 84-55 and 84-16. And see, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Krause v. Reno,366 So.2d 1244 (3 D.C.A.Fla., 1979); Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985); AGO's 74-273 and 74-94.
This office, in AGO 84-16, stated that "[f]or s. 286.011 to apply to a particular meeting, 2 or more members, of a body or other entity or group to which the Sunshine Law applies, must be present, or there must have been delegation of decision-making by such a body to either a single member thereof or to an advisory group or committee used by the covered entity." See, e.g., Hough v. Stembridge, 278 So.2d 288 (3 D.C.A.Fla., 1973); Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); AGO's 84-54, 82-35, 77-43, 74-294, and 74-84. Applying this construction of s.286.011, it was determined in AGO 84-16 that a meeting between the chairman of a private industry council, who was appointed by the Governor pursuant to federal law, and a single county commissioner who was the chairman of the administrative board of a five-county consortium created pursuant to statute and subject to the dominion and control of the Legislature was not subject to s. 286.011
unless there had been a delegation of decision-making authority to that single member of the consortium who attended the meeting. And see, AGO 74-47 ("It is not a violation of the Sunshine Law for a city manager to meet individually with members of the city council to discuss city business provided that he does not act as a liaison for board members by circulating information and thoughts of individual councilmen to the rest of the board").
In Rowe v. Pinellas Sports Authority, 461 So.2d 72 (Fla. 1984), the Florida Supreme Court was asked to review a bond validation procedure. Appellant argued that a number of infirmities in the issuance process should prevent the validation of the bonds. Primary among these problems were alleged violations of the Sunshine Law. After an examination of the record, the Court determined that "no meetings involving these bonds occurred with two or more members of any one of the three governmental entities present. . . . There was never any meeting where any two individuals with decision-making capacity were present." Rowe, supra at 75. As the Court pointed out, the individuals involved could only report back to their respective governmental bodies and all subsequent discussions and decisions of the three governing bodies took place in open public meetings. Thus, the Rowe Court held that the language of s. 286.011, F.S., did not apply to these meetings and "since no two individuals who were members of the same governing body were present at any one of these discussions, no decision-making official acts could occur that would violate the act." Rowe, supra.
Therefore, based upon the foregoing it is my opinion that an individual city council member of Indian Harbour Beach may meet privately with an individual member of the municipal planning and zoning board to discuss a recommendation made by the board as two or more members of either body would not be present, provided that no delegation of decision-making authority has been made to the city council member present and that such member is not acting as a liaison for the entire council or any smaller group of the members thereof in these discussions.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General