278 So.2d 288 (1973)
J. Robert HOUGH, Individually and As a Member of the Council of the City of North Miami, et al., Appellants,
v.
John STEMBRIDGE, Appellee.
The STATE of Florida ex rel. CITY OF NORTH MIAMI, a Municipal Corporation, et al., Relators,
v.
Thomas A. TESTA, As Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
Nos. 72-85, 72-1228.
District Court of Appeal of Florida, Third District.
May 22, 1973.
Rehearing Denied June 15, 1973.
Kahn & Clein and Alan J. Kan, North Miami, for appellants-relators.
John E. Bassett, North Miami, for Stembridge.
Leo Greenfield, North Miami, for Thomas A. Testa.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
*289 HAVERFIELD, Judge.
These consolidated causes grow out of a final summary judgment issued by Circuit Court Judge Thomas A. Testa in a case involving alleged violations of the Florida Government in the Sunshine Law, F.S. § 286.011, F.S.A.
The first, an appeal by J. Robert Hough, Martin D. Kahn, Arthur Wilde and the City of North Miami, involves alleged violations of Florida Statute 286.011 by these members of the North Miami City Council. The second matter, a writ of prohibition filed against Judge Testa, is based on part of the verbiage contained in the final summary judgment.
The factual situation out of which these matters arose is as follows:
On May 18, 1971 the City of North Miami held a runoff election in which Robert Hough, Jr., an incumbent councilman, was elected to the office of Mayor and Arthur Wilde and Michael Colodny were elected to the office of councilman. Plaintiff, John Stembridge, in his petition for injunction, alleged that following this election several violations of Florida Statute 286.011 had occurred on various occasions and in particular: (1) on may 19, 1971 in Robert Hough's home at a meeting at which in attendance were Hough, Wilde, Colodny, Martin Kahn[1] and several other individuals, and (2) on June 1, 1971 with no notice having been given nor agenda having been published at a meeting of all the North Miami councilmen with E. May Avil, the City Clerk and Acting City Manager.
In order for there to be a violation of F.S. § 286.011, F.S.A., a meeting between two or more public officials must take place which is violative of the statute's spirit, intent, and purpose. The obvious intent of the Government in the Sunshine Law, supra, was to cover any gathering of some of the members of a public board where those members discuss some matters on which foreseeable action may be taken by the board. Board of Public Instruction of Broward County v. Doran, Fla. 1969, 224 So.2d 693 and Canney v. Board of Public Instruction of Alachua County, Fla. 1973, 278 So.2d 260 (1973).
Appellants contend that the trial court erred in holding that the meeting of May 19, 1971 came within the ambit of Florida Statute 286.011 in that this gathering was not a meeting of members of a governing body. In support of their contention they argue that Arthur Wilde and Michael Colodny were councilmen-elect on May 19, 1971 and only J. Robert Hough, Jr. was undisputedly a member of the council, as Group 2 Councilman. Thus, Mr. Hough was the only individual whose conduct was meant to be within the purview of F.S. § 286.011 and, therefore, there was no assemblage of a board or commission.
We simply cannot accept this line of reasoning. To adopt this viewpoint would in effect permit as in the case sub judice members-elect of a public board or commission to gather with impunity behind closed doors and discuss matters on which foreseeable action may be taken by that board or commission in clear violation of the purpose, intent, and spirit of the Government in the Sunshine Law.
We find the position untenable to hold on the one hand that Florida Statute 286.011 is applicable to elected board or commission members who have been officially sworn in and on the other hand inapplicable to members-elect who as yet merely have not taken the oath of public office. An individual upon immediate election to public office loses his status as a private individual and acquires the position more akin to that of a public trustee.
Therefore, we hold that members-elect of boards, commissions, agencies, etc. are within the scope of the Government in the Sunshine Law. To hold otherwise *290 would be to frustrate and violate the intent of the statute which "having been enacted for the public benefit, should be interpreted most favorably to the public." See Canney v. Board of Public Instruction of Alachua County, supra.
Turning to the case at bar we find the trial judge to be eminently correct in determining that the meeting of May 19, 1971 was a meeting of members of a governing body in which matters concerning city business were discussed and, therefore, a violation of the Florida Sunshine Law resulted. Accordingly, we affirm that part of the summary judgment as it affects the meeting of May 19, 1971.
Next, we carefully considered the details and circumstances of the June 1, 1971 meeting and find them to be neither clear nor complete in the record on appeal. However, the only relief prayed for by the plaintiff in this case was an injunction to restrain the defendant officials from holding such future meetings in violation of the Sunshine Law and a showing was made that members of the council were pursuing a practice of informal meetings or conferences which appeared to be of the kind prohibited by the Sunshine Law. See City of Miami v. Berns, Fla. 1971, 245 So.2d 38; Times Publishing Company v. Williams, Fla.App. 1969, 222 So.2d 470, and cases cited hereinabove. Therefore, we are in agreement with the court's granting the injunction[2] prayed for by the plaintiff insofar as that injunction (to be discussed at some length hereafter) enjoins the defendants from so meeting without notice to the public in violation of Florida Statute 286.011.
The judgment entered by the trial court contained four ordered provisions. First, the court ruled that any action taken by the council as a result of discussions at meetings held on May 19, 1971 and June 1, 1971 were in violation of § 286.011 Fla. Stat., F.S.A., the Sunshine Law. Second, it was held that legislation enacted as a result of said improper meetings could be made effective by the city council if subsequently re-enacted or ratified at a public meeting held pursuant to § 286.011. Third, the court awarded certain costs to the plaintiff to be paid by named defendants on a prorated basis. Fourth, the court granted an injunction as follows:
"4. That the City of North Miami, Florida, through its elected and appointed officials, are permanently restrained and enjoined from holding any meeting wherein public business is discussed or contemplated, or enacted without first providing reasonable notice to the public accompanied by a proposed agenda."
Both the appeal in this first cause of action and the suggestion for prohibition in the second cause of action challenged the propriety of that injunction under which it would be a violation of the Sunshine Law for a board or commission to hold "a public meeting" without reasonable notice to the public and to take action on a matter which had not been placed on an agenda.
The agenda plots the orderly conduct of business to be taken up at a noticed public meeting as provided for by city charter or ordinance. F.S. § 286.011 does not embody this subject matter nor does it contemplate *291 the necessity for each item to be placed on the agenda before it can be considered by a public noticed meeting of a governmental body. Although the drawing up of an agenda is a matter related to a noticed public meeting, it essentially is an integral part of the actual mechanics and procedures for conducting that meeting and, therefore, aptly relegated to local practice and procedure as prescribed by city charters and ordinances. Furthermore, the necessity of items to appear on an agenda before they could be heard at a meeting would foreclose easy access to such meeting to members of the general public who wish to bring specific issues before the governmental body. Therefore, that part of the summary judgment which refers to the necessity of an agenda under the Sunshine Law is erroneous and argument based thereon is without merit.
The second feature of the challenged injunction deals with the question as to the necessity for reasonable notice for governmental meetings to be given to the public as a requirement of the Sunshine Law. Although F.S. § 286.011, F.S.A. does not specifically mention such a requirement, as a practical matter in order for a public meeting to be in essence "public", we hold reasonable notice thereof to be mandatory. Turning to the case sub judice, we note also that the North Miami City Charter, not at all unlike many other city charters, requires its city clerk to issue notice of city council meetings. For the reasons stated hereinabove, we hereby modify provision 4 of the summary judgment to read as follows:
"4. That the City of North Miami, Florida through its elected and appointed officials, are permanently restrained and enjoined from holding any meeting wherein public business is discussed or contemplated or enacted without first providing reasonable notice to the public."
Accordingly, the summary judgment in this first cause of action is affirmed in part and modified in part.
While this appeal from Judge Testa's summary judgment was pending, the intervenors in the second cause of action, on whose behalf the rule to show cause was entered, were before the Circuit Court in another case in which they sought the entry of an order that would require the City of North Miami to issue a building permit to them. The court in that case entered such an order, and at a subsequent meeting of the City Council of North Miami it was decided to appeal that order. Following that decision to appeal, the intervening relators went to Judge Testa and sought a rule to show cause against the city on the basis that the city was violating Judge Testa's summary judgment and the Sunshine Law by reason of such action taken by the council not on its agenda. Judge Testa issued a rule to show cause. The suggestion for prohibition directed thereto which was filed by the appellants was treated by this court as a motion for a stay, and a stay of proceedings on the rule to show cause was granted pending this appeal.
The appeal taken by the City of North Miami from the judgment granting the injunction operated as a supersedeas, thereby staying "execution or performance of the judgment." Rule 5.12(1) FAR, 32 F.S.A. The rule to show cause, issued by the trial court on an application alleging violation of the terms of the injunction, constituted a proceeding for the enforcement of the injunction judgment while the supersedeas was in effect, and therefore was improper. Powell v. Florida Land & Improvement Co., 41 Fla. 494, 26 So. 700 (1899); City of Miami Beach v. Lansburgh, Fla.App. 1969, 217 So.2d 348; City of Miami v. City of Coral Gables, Fla.App. 1970, 233 So.2d 7.
The matter with which the rule to show cause was concerned having since been determined by separate litigation, and it appearing that no useful purpose remains for enforcement or for further proceedings thereon, the said rule to show cause is discharged.
It is so ordered.
NOTES
[1] City Attorney for the City of North Miami.
[2] Public meetings and records; public inspection; penalties
"(1) All meetings of any board or commission of any state agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting.
"(2) The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded and such records shall be open to public inspection. The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizens of this state." [Emphasis supplied]