QUESTION: May the mayor of the City of Lauderhill confer with members of the city council regarding matters of pending business, in accordance with his job as the chief executive officer of the city, without violating the provisions of the Sunshine Law, even though he has occasion to vote in case of a tie and even though he has veto powers as set forth in the charter?
SUMMARY: Since the mayor of the City of Lauderhill has a voice in city decision making through the power to break tie votes, the mayor should not confer privately with members of the city council regarding matters of pending business if such matters will come before the council for consideration and could require the mayor to exercise his power to break tie votes. Pursuant to the Charter of the City of Lauderhill, Ch. 59-1487, Laws of Florida, the mayor has been designated the chief executive officer of the city. As such, the mayor's duties include, inter alia, seeing that all ordinances are executed, appointing persons to perform temporarily the duties of any disabled or suspended appointed officer, suspending any appointed officer (except councilman for gross neglect or dereliction of duty), communicating in writing to city councilmen and recommending such measures touching on the public service and best interests of the town as he may deem proper, and supervising all town affairs and officers, except councilmen. The mayor has no vote on any resolution or ordinance except in the case of a tie, but has the power to veto any ordinance or resolution, in which event such resolution or ordinance shall not become effective until passed over his veto by a three-fourth vote of the city council. In AGO 074-47, this office expressed the view that it is not a violation of the Sunshine Law for a city manager, who is the chief executive officer of a city, to meet with individual members of the city council to discuss city business. This opinion was based on the fact that, as the chief executive officer and head of the administrative branch of government, the city manager is not a member of the city council but, rather, responsible to it for the proper administration of city affairs. However, prior to AGO 074-47, this office issued an informal opinion, dated December 13, 1973, in which it was stated that the Sunshine Law is applicable to meetings between a mayor and a city council if the mayor is a member of the council or has a voice in decisions. Since, pursuant to the City Charter of Lauderhill, the mayor has or may have a voice in decision making by voting in case of a tie, I am of the view that the mayor is subject to the law when discussing matters which could come before the entire board and possibly involve him directly, through his power to break ties. Cf. Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1972). On the other hand, the mayor may discuss matters with city councilmen which concern his administrative functions and which would not come before the council for consideration and further action or which involve his executive prerogative to veto any ordinance or resolution.