QUESTION: Is it proper for three city commissioners who are also volunteer firemen to attend meetings of the volunteer firemen's association when there is a probability of discussions of matters on which foreseeable action may be taken by the city commission, or does such attendance constitute a violation of the Sunshine Law?
SUMMARY: Members of a city commission who are also volunteer firemen may attend meetings of the volunteer firemen's association, provided that they do not engage in any discussion of matters relating to their public duties or on which foreseeable action may be taken by the city commission. According to your letter, three members of the city commission are also members of the volunteer fire department and attend meetings of the volunteer firemen's association. From time to time, discussions of matters take place at these meetings which may result in foreseeable formal action by the city commission — such as recommendations to the commission for the purchase of various firefighting equipment and other matters relating to their public duties. The Sunshine Law has been held to apply to any gathering of two or more members of a public body where those members discuss matters on which foreseeable action may be taken by the city commission. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). Under this broad construction of the law, the three city commissioners, who make up a quorum of the governing body of the city, constitute a "meeting" governed by the requirements of s. 286.011, F. S., when they discuss matters relating to their public duties or on which foreseeable formal action may be taken by the city commission. This office has recognized that many public officials belong to private associations or organizations and that mere attendance by public officials at such functions does not violate the Sunshine Law. Attorney General Opinion 072-158; Inf. Op. to the Honorable Glen Darty, March 24, 1972. However, this office has also emphasized that an added degree of caution is required when public officials attend such meetings, in that the public officials may not discuss any matter on which foreseeable formal action may be taken by such officials or the public bodies of which they are members. Attorney General Opinions 071-295 and 072-158. Since circumstances outlined in your letter indicate that some issues related to public business are discussed at the volunteer firemen's association meetings, the city commissioners should refrain from any discussion of those matters, either amongst themselves, or with other association members, until the properly noticed and scheduled meeting of the city commission. Therefore, I am of the opinion that the three city commissioners mentioned in your letter may attend meetings of the volunteer firemen's association provided that they refrain from any discussion of matters relating to their public duties or on which foreseeable action may be taken by the city commission.