QUESTION:
In the enactment of ordinances which deal with the land use element of a comprehensive plan pursuant to the provisions of the Local Government Comprehensive Planning Act, when such ordinances deal with less that 5 percent of the total land area of the local governmental unit, must there be a second public hearing on a date set for the adoption of such ordinances?
SUMMARY:
Section 163.3181(3)(a), F. S. (1976 Supp.), governing the procedures to be followed in noticing and holding public hearings regarding the enactment of an ordinance affecting the land use element of a comprehensive plan of a local governmental unit under the Local Government Comprehensive Planning Act when the total land area to be affected by such ordinance is less than 5 percent of the total land area of the governmental unit, requires only one duly noticed and held public hearing, provided that the meeting at which such an ordinance is adopted is noticed and conducted in compliance with the Government in the Sunshine Law, as judicially construed.
The Local Government Comprehensive Planning has been amended by Ch. 76-155, Laws of Florida, which, inter alia, provides specific procedures governing the enactment of an ordinance dealing with the land use element of a comprehensive plan. Section 3 of the 1976 act amends s. 163.3181, F. S., to read, in material part:
 (3) . . . [W]henever a local governing body considers the enactment of an ordinance dealing with the land use element of a comprehensive plan, the following procedures shall be followed.
 (a) In cases where the proposed ordinance deals with less than 5 percent of the total land area of the local governmental unit, the governing body shall direct the clerk of the governing body to notify by mail each real property owner whose land the governmental agency will restrict or limit the use of by enactment of the ordinance and whose address is known by reference to the latest ad valorem tax records. The notice shall state the substance of the proposed ordinance as it affects that property owner and shall set a time and place for one or more public hearings on such ordinance. Such notice shall be given at least 30 days prior to the date set for the public hearing, and a copy of such notice shall be kept in a separate book which shall be open to public inspection during the regular business hours of the office of the clerk of the governing body. The governing body shall hold a public hearing on the proposed ordinance not more than 60 days nor less than 30 days prior to the date set for adoption of the ordinance (Emphasis supplied.)
Section 2 of Ch. 76-155, supra, in pertinent part, amends subsection (3) of s. 166.041, F. S., so as to except those ordinances which deal with land use enacted pursuant to the provisions of the Local Government Comprehensive Planning Act from the procedural requirements prescribed by s. 166.041(3) for enactment of municipal ordinances in general. This section further operates to prohibit the adoption of emergency ordinances which enact or amend a land use plan and to require ordinances which deal with land use pursuant to the provisions of the Comprehensive Planning Act to be enacted under the procedures prescribed in s.163.3181(3), F. S.
The second sentence of s. 163.3181(3)(a), F. S. (1976 Supp.), permits, but does not require, more than one public hearing on ordinances dealing with the land use element of a comprehensive plan and which deal with less than 5 percent of the total land area of the affected local governmental unit. The last sentence of s. 163.3181(3)(a) requires the local governing body to hold only `a public hearing,' i.e., only one public hearing, on a proposed ordinance dealing with the land use elements of a comprehensive plan within the specified 30-day to 60-day time period prescribed by the statute. See Random House Dictionary of the English Language, p. 1, defining `a' as `one, a certain, a particular,'and also Lente v. Clarke, 1 So. 149, 152 (Fla. 1886), defining `a' as an adjective of singular specificity. There is no statutory requirement for public hearing on the date set for adoption of such an ordinance. However, all meetings of the governing bodies of all municipalities at which official acts are to be taken are required to be public meetings open to the public at all times, s.286.011, F. S., upon reasonable notice thereof to the public, Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). Further, s. 163.3181(3)(a) does not require the giving of advertised notice of the public hearing in a newspaper of general circulation; rather, it requires the local governing body to direct its clerk to notify by mail each affected real property owner, the use of whose land the local governmental agency proposes to restrict or limit by enactment of the ordinance. Such notice must state the substance of the proposed ordinance as it affects the particular property owner and set a time and place for the public hearing or hearings on the ordinance.
Additionally, the conclusion that only one duly noticed hearing is required to satisfy the requirements of s. 163.3181(3)(a), F. S. (1976 Supp.), is buttressed by a reading of s. 163.3181(3)(b)1., which expressly and specifically requires two advertised public hearings on proposed ordinances which deal with more than 5 percent of the total land area of the local governing unit and particularizes the time within which each of the two advertisements and hearings is to be made and held. If the Legislature had intended to require two duly noticed public hearings to meet the requirements for s. 163.3181(3)(a), supra, it could have, and presumably would have, done so as in s.163.3181(3)(b)1.
Therefore, I am of the opinion that only one properly and timely noticed and held public hearing is required to meet the requirements of `a public hearing' on a proposed land use ordinance dealing with less than 5 percent of the total land area of the local governmental agency under and as provided by the provisions of s. 163.3181(3)(a), F. S. (1976 Supp.), provided that the meeting at which such ordinance is adopted is noticed and conducted in compliance with the Government in the Sunshine Law, as judicially construed (s. 286.011, F. S.).
Prepared by: Michael H. Davidson Assistant Attorney General