QUESTION:
May two members of a 5-man city commission attend a public meeting of one of its recommending boards and subsequently vote at a public meeting of the 5-man commission relative to the recommendation made by the board, or would such action constitute a violation of Florida's Government in the Sunshine Law?
SUMMARY:
The Government in the Sunshine Law does not prohibit members of city commission from attending public meetings of a board established by the commission and subsequently voting at a public meeting of the commission on recommendations submitted by the board.
Your letter indicates that the City of Coral Gables has adopted an ordinance which creates the historic preservation board of review. The purpose of the board is to make recommendations to the city commission on various subjects relative to the preservation of historical structures, buildings, and roadways and the designation of various structures or sites within the city as historical landmarks. The board is composed of 10 members who are either appointed or approved by the city commission. In addition, the city commission appoints one of its members to serve as a `liaison officer' between the commission and the board. This commissioner may or may not enter into the discussion of certain matters before the board. You further advise that the meetings of both the board and the commission are open to the public.
The Government in the Sunshine Law, s. 286.011(1), F. S., reads:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation, or formal action shall be considered binding except as taken or made at such meeting.
The Sunshine Law imposes three requirements which govern meetings of public agencies: The meetings must be open to the public; written minutes must be kept and open to public inspection; reasonable notice to the public must be given as to the time and place of the meeting.
The first two requirements are evident from an examination of the statutes; the third has been read into the law by the judiciary.See Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973).Accord: Attorney General Opinions 073-170 and 072-400. Since your letter advises that both the historical preservation board of review and the city commission have complied with all three requirements, I fail to find any violation of the Sunshine Law resulting from the situation described in your inquiry. Section286.011, F. S., does not purport to govern the circumstances under which public officers are authorized to cast their votes; the statute requires only that when public officials do vote, they must do so in the sunshine.
It would appear that you are really inquiring as to whether or not the public officials described in your letter should abstain from voting because of a possible conflict of interest. See s. 286.012, F. S., providing in part that no member of a state, county, or municipal governmental board, commission, or agency may abstain from voting at any meeting at which official action is to be taken `except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s. 112.3143. In such cases said member shall comply with the disclosure requirements of s. 112.3143.' Any question as to the existence of a possible conflict of interest within the meaning of the Code of Ethics for Public Officers and Employees, part III of Ch. 112, F. S., is within the jurisdiction of, and should be referred to, the Florida Commission on Ethics.
Prepared by: Staff