Honorable Jerry Hill State Attorney Tenth Judicial Circuit 250 North Wilson Avenue Bartow, Florida 33830
Dear Mr. Hill:
This is in response to your request for an opinion on substantially the following question:
 IS A MEETING OF AN AD HOC COMMITTEE, APPOINTED BY THE MAYOR AND COMPOSED OF CITY OFFICIALS, WITH OFFICIALS OF THE CHAMBER OF COMMERCE TO DISCUSS A PROPOSAL TO DONATE OR SELL CITY LAND TO THE CHAMBER SUBJECT TO THE SUNSHINE LAW, s. 286.011, F.S.?
Your inquiry indicates that the ad hoc committee, consisting of one member of the city council, the city manager and the city attorney, was appointed by the mayor to meet with officials of the chamber to explore a proposal to give city land to the chamber. The committee was not empowered to enter into an agreement with the Chamber of Commerce; however, I have been informed that the committee was appointed by the mayor to determine the financial and other conditions of the transfer of the land from the city to the chamber. The meeting between the members of the committee and the chamber resulted in the preparation of a draft deed which was presented by the committee to the city council. Based upon these factual circumstances, you inquire whether the Government-in-the-Sunshine Law is applicable to meetings between the ad hoc committee and the Chamber of Commerce.
Initially, I note that this office is not authorized to comment upon the validity of actions which have already occurred; such a determination is one which the judiciary, and not this office, must make. My comments are limited to a discussion of the applicability of the Government-in-the-Sunshine Law to such an ad hoc committee and no comment is expressed regarding the validity of any actions which may have been taken by the committee.
The "Government-in-the-Sunshine Law," s. 286.011(1), F.S., provides in pertinent part:
 All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
It has been stated by this office and the Florida courts that the Sunshine Law is applicable to any gathering where two or more members of a public board or commission discuss matters on which foreseeable action will be taken by the board or commission. See, e.g., Times Publishing Company v. Williams, 222 So.2d 470, 473 (2 D.C.A.Fla., 1969); AGO's 84-55 and 84-16.
In AGO 84-16, this office determined that "for s. 286.011 to apply to a particular meeting, 2 or more members, of a body or other entity or group to which the Sunshine Law applies, must be present, or there must have been delegation of decision-making by such a body to either a single member thereof or to an advisory group or committee used by the covered entity." See, e.g., Hough v. Stembridge, 278 So.2d 288 (3 D.C.A.Fla., 1973). Consistent with this view of the law, the courts have held that an ad hoc advisory board or committee, appointed by a governmental body to make recommendations to the appointing authority and deliberating on matters upon which foreseeable action will be taken, is subject to the Sunshine Law. See, Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974). See also, AGO 86-51 (advisory committee delegated authority to consider projects to be included or excluded from list of proposed acquisition projects to be recommended to and acted on by the governing board was subject to s. 286.011, F.S.); AGO 85-76 (ad hoc committee appointed by the mayor for the purpose of making recommendations concerning legislation was subject to s.286.011, F.S.). Compare, Krause v. Reno, supra, in which it was held that an advisory group used by a city manager to assist in screening applications and making recommendations for the position of police chief was a "board" which was subject to the Sunshine Law, with Cape Publications, Inc. v. City of Palm Bay,473 So.2d 222 (4 D.C.A.Fla., 1985), which held that the Sunshine Law did not apply to a group of persons asked to sit in on interviews of candidates for chief of police where the group's sole function was to acquire information by asking questions during the interviews and when the group was delegated no authority, did not select or screen applicants and was not authorized or delegated the responsibility of making recommendations.
Therefore, to the extent that public agencies utilize ad hoc committees, delegating to the committees a portion of the decision-making process, such committees are subject to and must comply with the requirements of s. 286.011, F.S. There is no "government by delegation" exception to the Sunshine Law and public agencies may not conduct their business through the use of an "alter ego." IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353, 359 (4 D.C.A.Fla., 1973). For as the courts of this state have recognized, it is the entire decision-making process which the Legislature intended to affect by the enactment of s.286.011, F.S., including the inquiry and discussion stages. See, e.g., Times Publishing Company v. Williams, supra at 473 ("Every step in the decision-making process . . . constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act.") Cf., AGO 86-51, in which a land selection committee appointed by a district governing board to evaluate and recommend projects for acquisition was found to be subject to s.286.011, F.S.
In the instant inquiry, the ad hoc committee was delegated the authority to meet with officials of the Chamber of Commerce to discuss and formulate a land-transfer proposal to be recommended to and acted upon by the city council. Thus it appears that the committee, responsible for proposing a land-transfer deed and the conditions for such transfer, played an integral part in the decisional process. Accordingly, it is my opinion that such an ad hoc committee is subject to and must comply with the requirements of the Government-in-the-Sunshine Law, s. 286.011, F.S., even though the committee's decisions and recommendations are subject to further action by the city council.
In sum, it is my opinion, unless and until legislatively or judicially determined otherwise, that meetings of an ad hoc committee appointed by the mayor and playing an integral part in the decisional process with respect to matters upon which foreseeable action will be taken by the agency or authority are subject to the provisions of Florida's Government-in-the-Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Lagran Saunders Assistant Attorney General