The Honorable Stephen L. Boyles State Attorney Post Office Box 1346 Palatka, Florida 32078 Attention: Mr. Alexander R. Christine, Jr. Deputy State Attorney
Dear Mr. Boyles:
You have asked substantially the following question:
 Is the Putnam County Correctional Planning Committee subject to the Government-in-the-Sunshine Law, s. 286.011, F.S., such that its meetings must be publically announced and open to the public and minutes thereof recorded?
In summary, I am of the opinion:
 The Putnam County Correctional Planning Committee, established pursuant to s. 951.26, F.S., is a "board or commission" subject to the Government-in-the-Sunshine Law, s. 286.011, F.S. The committee's meetings must, therefore, be properly noticed and open to the public and minutes of the meetings must be taken.
Section 951.26(1), F.S., provides:
 Each county shall have a county correctional planning committee consisting of the state attorney or his designated assistant state attorney, the public defender or his designated assistant public defender, the chief circuit judge or another circuit judge as his designee, the chief county judge or his designee, the chief correctional officer, and the chairman of the board of county commissioners. In addition, if the county has such program available, the committee must include the director of any county probation or pretrial intervention program.
According to your letter, the Putnam County Correctional Planning Committee was created pursuant to the above statute. The Deputy State Attorney has been appointed to act as the State Attorney's designee.
Section 951.26(2), F.S., requires the committee to meet at least monthly for the purpose of assessing the population status of all correctional facilities owned by the county and formulating recommendations to ensure that the authorized capacities of such facilities, as established by the Department of Corrections, are not exceeded.[1] Subsection (3) of the statute requires the committee to develop a local correctional facilities plan for future construction needs.[2] In determining what entities are covered by the terms of s. 286.011, F.S., the courts of this state and this office have stated that the Legislature intended to extend the application of the Sunshine Law to "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[3]
The Putnam County Correctional Planning Committee was created pursuant to legislative act which sets forth the composition, purpose, duties and functions of such committees.[4] There would appear to be little doubt that such committees, created by and subject to the control of the Legislature, are covered by the terms of s. 286.011, F.S.
I am not aware of any exception to, or exemption from, the provisions of s. 286.011, F.S., which would permit the committee to close its meeting to the public or otherwise avoid compliance with s. 286.011, F.S. Accordingly, I am of the opinion that the meeting of the committee must be held in the sunshine — that is, they must be open to the public.
The courts have stated that, as a practical matter, in order for a public meeting to be "public," reasonable notice must be given.[5]
Accordingly, the committee is required to give due or reasonable notice of its meetings to the public.[6]
In addition, s. 286.011(2), F.S., requires that minutes of meetings subject to s. 286.011, F.S., be promptly recorded and made available for public inspection. While a sound or tape recording may be used to record the meeting, written minutes of the meeting are still required to be recorded for public inspection.[7] Inasmuch as I am of the opinion that the Putnam County Correctional Planning Committee is subject to s. 286.011, F.S., the committee would be required to record written minutes of its meetings.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] These recommendations are to include an assessment of the availability of pretrial intervention or probation programs, work-release programs, gain-time schedules, applicable bail bond schedules, and the confinement status of the inmates housed within each facility owned by the county.
[2] The plan is to cover at least a five-year period and shall be submitted for consideration to the local planning agency for the county at least 120 days before the adoption of the comprehensive plan for the county by the local planning agency pursuant to s.163.3184, F.S.
[3] Times Publishing Co. v. Williams, 222 So.2d 470, 473 (2 D.C.A.Fla., 1969). See, City of Miami Beach v. Berns,245 So.2d 38, 40 (Fla. 1971); AGO's 83-97, 76-194.
[4] Section 951.26, F.S., as created by s. 2, Ch. 87-340, Laws of Florida.
[5] Hough v. Stembridge, 278 So.2d 288, 291 (3 D.C.A.Fla., 1973); Yarbrough v. Young, 462 So.2d 515, 517 (1 D.C.A.Fla., 1985).
[6] This office has previously stated that the type of notice required is variable and dependent upon the circumstances. See, e.g., AGO 80-78.
[7] Attorney General Opinion 75-45. And see, AGO 82-47 stating that a public board or commission is not required to provide a verbatim transcript but only a brief summary or series of brief notes or memoranda reflecting the events of the meeting.