Mr. Wayne E. Flowers Director Office of Legal Services, St. Johns River Water Management District
QUESTION:
Is the Government-in-the-Sunshine Law applicable to a meeting between a regularly appointed member of the St. Johns River Water Management District Agricultural Advisory Committee and his or her designated alternate when the meeting is to prepare the alternate for attendance at an upcoming meeting?
SUMMARY:
The Government-in-the-Sunshine Law does not apply to a meeting between a member of the Agricultural Advisory Committee of the St. Johns River Water Management District and his or her designated alternate for the purpose of preparing the alternate to attend a meeting in the member's place.
Your letter states that in 1987 the governing board of the St. Johns River Water Management District created and appointed the members of an Agricultural Advisory Committee. The committee serves as an advisory body to the governing board of the district on agricultural policy issues. You indicate that, in the event a regularly appointed member of the committee is unable to attend a meeting, a designated alternate for such member is permitted to serve in the regular advisory board member's stead.
The Government-in-the-Sunshine Law, s. 286.011, F.S., provides in part:
 All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.[1]
The Sunshine Law is applicable to any gathering where two or more members of a public board or commission discuss matters on which foreseeable action will be taken by the board or commission.[2]
As this office stated in AGO 84-16, "for s. 286.011 to apply to a particular meeting, 2 or more members, of a body or other entity or group to which the Sunshine Law applies, must be present, or there must have been delegation of decision-making by such a body to either a single member thereof or to an advisory group or committee used by the covered entity."[3] Utilizing this construction of s. 286.011, F.S., this office determined that a meeting between the chairman of a private industry council, who had been appointed by the governor pursuant to federal law, and a single county commissioner who was the chairman of the administrative board of a five-county consortium created by statute and subject to the dominion and control of the Legislature was not subject to s. 286.011, F.S., unless there had been a delegation of decision-making authority to that single member of the consortium who attended the meeting.[4]
In Rowe v. Pinellas Sports Authority,[5] The Supreme Court of Florida was asked to review a bond validation procedure in which a Sunshine violation was alleged to be a substantive infirmity. The appellants (Rowe) argued that meetings between the Pinellas Sports Authority, the City of St. Petersburg, and Pinellas County had been held in violation of s. 286.011, F.S. After examining the record, the Court determined that "no meetings involving these bonds occurred with two or more members of any one of the three governmental entities present. . . . There was never any meeting where any two individuals with decision-making capacity were present."[6] As the Court noted, the individuals involved could only report back to their respective governmental bodies and all subsequent discussions and decisions of the three governing bodies took place in open public meetings. Thus, the Court held that the language of s. 286.011, F.S., did not apply to these meetings and "since no two individuals who were members of the same governing body were present at any one of these discussions, no decision-making official acts could occur that would violate the act."[7]
Similarly, in this case, no two individuals who will exercise independent decision-making authority at the upcoming meeting will be present during these discussions. The alternate for the member of the Agricultural Advisory Committee is only authorized to act in the absence of the committee member. Thus, there is, in effect, only one decision-making official present.
Based on the foregoing it is my opinion that a meeting between a member of the Agricultural Advisory Committee of the St. Johns River Water Management District and his or her designated alternate for the purpose of preparing the alternate to attend a meeting and act in the member's stead would not be subject to the Government-in-the-Sunshine Law as no two individuals with decision-making capacity for the committee will be present.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 286.011(1), F.S.
[2] See, Times Publishing Company v. Williams, 222 So.2d 470, 473
(2 D.C.A.Fla., 1969); AGO's 84-54 and 84-16. And see, AGO 86-51 concluding that meetings of the Land Selection Committee of the South Florida Water Management District were subject to the Government-in-the-Sunshine Law, since the committee had been delegated certain decision-making authority.
[3] See, e.g., Hough v. Stembridge, 278 So.2d 288 (3 D.C.A.Fla., 1973); Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); AGO's 84-54, 82-35, and 74-84.
[4] Attorney General Opinion 84-16. And see, AGO 74-47 wherein it is stated that "[i]t is not a violation of the Sunshine Law for a city manager to meet individually with members of the city council to discuss city business provided that he does not act as a liaison for board members by circulating information and thoughts of individual councilmen to the rest of the board"; and AGO 87-34 concluding that an individual city council member of Indian Harbour Beach may meet privately with an individual member of the municipal planning and zoning board to discuss a recommendation made by the board since two or more members of either body would not be present, provided that no delegation of decision-making authority has been made to the city council member present and that such member is not acting as a liaison for the entire council or any smaller group of the members thereof in such discussions.
[5] 461 So.2d 72 (Fla. 1984).
[6] Id. at 75.
[7] Id.