Mr. David G. Conn City Attorney City of St. Augustine Beach Post Office Box 5239 St. Augustine, Florida 32085-5239
Dear Mr. Conn:
You ask substantially the following question:
 May a city commissioner prepare a written report which is to be the basis of discussion at a public meeting and furnish it to the city manager for distribution to the other city commissioners without violating s. 286.011, F.S., Florida's Sunshine Law?
In sum, I am of the following opinion:
 The use of a written report by one commissioner to inform other commissioners of a subject which will be discussed at a public meeting does not violate Florida's Government in the Sunshine Law if prior to the public meeting, there is no interaction related to the report among the commissioners.
You indicate St. Augustine has a commission form of government in which each commissioner is assigned certain areas of responsibility to monitor. It is advantageous for any reports generated by a commissioner's monitoring responsibility to be furnished to the other commissioners prior to the public meeting at which it will be discussed. The original report is kept on file by the city manager and is made available for public inspection. A commissioner receiving the report makes no response to the commissioner who prepared the report or to the other commissioners, except at the public meeting.
Florida's Government in the Sunshine Law, s. 286.011, F.S., makes all meetings of any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation or political subdivision at which official acts are to be taken open to the public at all times. Generally, the Sunshine Law applies to meetings of `two or more' members of the same board or commission.[1] There are instances, however, where the physical presence of two or more members is not necessary in order to find the Sunshine Law applicable. As stated by The Supreme Court of Florida, the Sunshine Law is to be construed `so as to frustrate all evasive devices.'[2]
This office previously has concluded that the use of memoranda among members of a board or commission to avoid a public meeting may be a violation of the Sunshine Law, even though two members of the board or commission are not physically present. In such a situation, if a memorandum reflecting the views of a board member is circulated among the other board members with each indicating his or her approval or disapproval, upon completion of the members signing off, the memorandum has the effect of becoming official action of the board in violation of the Government in the Sunshine Law.[3]
This office has determined, similarly, that the Government in the Sunshine Law is applicable when a person other than a board member is used as a liaison among board members.[4] For example, a city manager should refrain from asking each commissioner to state his or her position on a specific matter which will foreseeably be considered by the commission at a public meeting in order to provide the information to the members of the commission.[5]
In AGO 81-42, this office concluded that it was not a violation of the Sunshine Law for a city councilmember to express his or her views or voting intent on an upcoming matter to a news reporter, as long as the reporter was not being used by the member as an intermediary to circumvent the requirements of s. 286.011, F.S. The circumstances you question do not appear to involve the use of a report as a substitute for action at a public meeting, inasmuch as there is no interaction among the commissioners prior to the public meeting. Nor does it appear the report is provided to enable the city manager to act as an intermediary among the commissioners.
It is my opinion, therefore, that the use of a memorandum by a city commissioner to provide information to the commission on a particular subject, with no response from or interaction among the commissioners allowed prior to a public meeting on this subject, would not violate s. 286.011, F.S.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973).
[2] Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974).
[3] See, Inf. Op. to John Blair, June 29, 1973.
[4] See, Blackford v. School Board of Orange County, 375 So.2d 578
(5 D.C.A. Fla., 1979) (series of scheduled successive meetings between the school superintendent and individual members of the school board were subject to the Government in the Sunshine Law; while normally a meeting between the superintendent and a member would not be subject to s. 286.011, F.S., meetings held in rapid-fire succession in order to avoid a public meeting amounted to a de facto meeting of the school board).
[5] See, AGO 75-59.