Mr. Paul R. Gougleman, III Attorney for Town of Melbourne Beach
QUESTION:
1. Does the Government in the Sunshine Law apply to two non-incumbent candidates for the town commission who have not been elected attending a political function at which they express their positions on matters which may foreseeably come before the commission?
2. If not, does the Sunshine Law apply to a nonincumbent commission candidate attending a political forum or candidate's night to express his or her views on matters which may foreseeably come before the commission and a current commissioner is in attendance?
3. Does the Sunshine Law apply to a political forum or candidate's night at which a non-incumbent candidate and an incumbent candidate each express positions on matters which foreseeably may come before the commission and at least one other incumbent commissioner, not a candidate, is present, but not a participant?
4. If the Sunshine Law applies in Question One, would it apply when a non-incumbent candidate and an incumbent candidate express their positions on a matter which may foreseeably come before the commission and at least one other incumbent commissioner, not a candidate, is present, but not a participant?
SUMMARY:
1. The Government in the Sunshine Law does not apply to meetings of non-incumbent candidates for political office who have not been elected.
2. In light of the answer to Question One, the attendance of a currently serving commissioner who does not participate in a political forum dOes not subject the forum to the requirements of the Sun-shine Law.
3. The expression of an incumbent candidate's position on a matter which may foreseeably come before a commission, absent an interchange between an attending commissioner, would not subject the meeting to the Sunshine Law.
4. In light of the answer to Question One, no response to Question Four is required.
You state that the Town of Melbourne Beach has a town commission composed of the Mayor and four commissioners elected at large. The terms of the commisioners' offices are staggered such that two seats are up for reelection at any one time. All candidates seeking a seat on the commission run against each other in an at large election, with the two candidates receiving the most votes winning the election.
Various groups sponsor candidates' forums in conjunction with each election. Candidates for seats, including incumbents, are invited to speak and are asked to express their positions on matters which may foreseeably come before the town commission. Incumbent commissioners who are not seeking reelection may also be in attendance.
AS TO QUESTION 1:
The Government in the Sunshine Law, s. 286.011, F.S. (Sunshine Law) has been interpreted by the courts to apply to any gathering between two or more members of a board or commission to discuss some matter on which foreseeable action may be taken by the board or commission.[1] In Hough v. Stembridge,[2]
the court interpreted the Sunshine Law to hold that "members-elect of boards, commis-sions, agencies, etc. are within the scope of the Government in the Sunshine Law."[3]
Thus, those candidates who have been elected to membership on a board or commission, but have yet to assume the office, are subject to the Sunshine Law as any other member of the board or commission would be. There is no judicial decision or inter-pretation of the Sunshine Law, however, which has extended its application to candidates for office, unless the candidate is an incumbent seeking reelection.
Accordingly, I cannot say that the Sunshine Law applies to a candidates' forum in which the participants are non-incumbent candidates who are not members-elect of the board or commission.
AS TO QUESTION 2:
This office in an informal letter to The Honorable Kathryn Cox, stated that the expression by an incumbent council member at a meeting such as a political forum of his or her position on a matter which may foreseeably come before the council would not necessarily subject the meeting to the Sunshine Law.[4]
In that letter, it was observed that previously this office stated that it was not a violation of the Sunshine Law for one commissioner to send a report to another commissioner for informational purposes, so long as there is no interaction between the commissioners.[5] Similarly, this office has concluded that the Sunshine Law is not violated by a board member expressing his or her views or voting intent on an upcoming matter to a news reporter who the member knows will publish the account in a local newspaper prior to the meeting, so long as the member is not using the reporter as an intermediary to communicate with other members to circumvent or evade the requirements of the Sunshine Law.[6]
Accordingly, as long as there is no discussion between the incumbent and another member of the commission on matters which will foreseeably come before the commission, the forum or candidate's night at which a nonincumbent candidate expresses his or her views would not be subject to the Sunshine Law.
AS TO QUESTION 3:
As noted above, discussions between an incumbent candidate and a non-incumbent candidate are not subject to the Sunshine Law, as long as the incumbent is not using the non-incumbent candidate as a conduit to communicate with other members of the board or commission. The mere expression of an incumbent candidate's position at a political forum attended by another member of the commission could be likened to the circumstance in AGO 89-23, if there is no interchange between the incumbent and the other commissioner attending the forum.
Thus, if the council members avoid discussion among themselves of issues which may come before the council, the forum would not be subject to the Sunshine Law.
AS TO QUESTION 4:
In light of the answer to Question One, no answer to this question is necessary.
[1] See, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 698 (Fla. 1969) (intent of the Sunshine Law is to "cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board").
[2] 278 So.2d 288, 289 (3 D.C.A. Fla., 1973).
[3] 278 So.2d at 289.
[4] Informal Letter to The Honorable Kathryn Cox, February 7, 1991.
[5] See, AGO 89-23.
[6] Attorney General Opinion 81-42.