The Honorable Jim Smith Secretary of State The Capitol Tallahassee, Florida 32399-0250
Dear Secretary Smith:
On behalf of the Board of Trustees of the John and Mable Ringling Museum of Art, you ask substantially the following questions:
1. Does s. 281.301, F.S., exempt meetings of the Board of Trustees of the John and Mable Ringling Museum of Art from the Government in the Sunshine Law when the board discusses issues relating to the security systems for any property owned or leased by the board or for any privately owned or leased property which is in the possession of the board?
2. Are records and documents in the possession of the museum board of trustees relating directly to or revealing the security systems described in Question One confidential and exempt from Ch. 119, F.S.?
In sum:
1. Section 281.301, F.S., exempts meetings of the Board of Trustees of the John and Mable Ringling Museum of Art from the Government in the Sunshine Law when the board discusses issues relating to the security systems for any property owned or leased by the board or for any privately owned or leased property which is in the possession of the board.
2. Records and documents in the possession of the museum board of trustees that relate directly to or that reveal the security systems described in Question One are confidential and exempt from Ch. 119, F.S.
The John and Mable Ringling Museum of Art (museum) is statutorily designated as the official art museum of the state.[1] An eleven member board of trustees (board) serves as the governing body of the museum and is responsible for maintaining and preserving the art collection. The board is assigned to the Department of State, which "may, within its discretion, exercise oversight of the activities of the board."[2]
Question One
Section 286.011, F.S., the Government in the Sunshine Law, provides:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
Although s. 286.011, F.S., does not specify any notice requirements, the courts have stated that as a practical matter in order for the public meeting to be public, reasonable notice of the meeting must be given.[3] Thus, reasonable notice must be given for meetings required to be held in the sunshine.
As a publicly created board charged by statute with the administration of the state museum and assigned to the Department of State, the board of trustees is subject to the Government in the Sunshine Law. The board, therefore, must conduct its meetings in accordance with that statute in the absence of a statute exempting such meetings.
Section 281.301, F.S., creates a limited exemption from s.286.011, F.S., by providing:
Information relating to the security systems for any property owned by or leased to the state or any of its political subdivisions, and information relating to the security systems for any privately owned or leased property which is in the possession of an agency as defined in s. 119.011(2), including all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to or revealing such systems or information, and all meetings relating directly to or that would reveal such systems or information are confidential and exempt from ss. 119.07(1) and 286.011 and other laws and rules requiring public access or disclosure. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.
The above exemption thus extends to information relating to the security systems not only for property owned or leased to the state or its political subdivisions, but also for privately owned or leased property which is in the possession of an agency.[4]
All meetings relating to such security systems or which reveal such systems or information are exempt from s. 286.011, F.S. The statute does not merely close such meetings, it exempts the meetings from the requirements of s. 286.011, F.S.[5]
While the board clearly must provide notice of its meetings that are subject to the Sunshine Law, s. 281.301, F.S., exempts meetings relating directly to or which would reveal security systems of publicly owned or leased land or for privately owned or leased property from the requirements of s. 286.011, F.S. Therefore, the board would not be subject to the requirements of the Sunshine Law, such as notice, when conducting such meetings.
Accordingly, I am of the opinion that s. 281.301, F.S., exempts meetings of the Board of Trustees of the John and Mable Ringling Museum of Art from the Government in the Sunshine Law when the board discusses issues relating to the security systems for any property owned or leased by the board or for any privately owned or leased property in the possession of the board.
Question Two
As quoted in the response to the previous question, s. 281.301, F.S., makes confidential and exempt from s. 119.07(1), F.S., information relating to the security systems for property owned or leased by the state or its political subdivisions or for any privately owned or leased property in the possession of an agency. The statute includes such information as "records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to or revealing such systems or information." The statute, however, only removes the above information from the public access and disclosure requirements of s. 119.07(1), F.S., or other laws requiring public access or disclosure. It does not exempt such records from the other provisions of Ch. 119, F.S., such as s. 119.031, F.S., requiring that public records be kept in a safe place, or s. 119.041, F.S., regulating the destruction of public records. Thus, for example, the board would still be subject to s. 119.07(2)(a), F.S., which requires the custodian asserting an exemption from a public record to delete that portion of the record for which the exemption is asserted and release the remainder of the record for inspection.
Accordingly, I am of the opinion that records and documents in the possession of the museum board of trustees relating directly to or revealing the security systems described in Question One are confidential and exempt from Ch. 119, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 265.26(2)(a), F.S.
[2] Section 265.26(4), F.S.
[3] See, Hough v. Stembridge, 278 So.2d 288, 291 (3 D.C.A. Fla., 1973); Yarbrough v. Young, 462 So.2d 515, 517 (1 D.C.A. Fla., 1985).
[4] See, s. 119.011(2), F.S., as amended by s. 5, Ch. 93-405, Laws of Florida, which defines "Agency" as:
[A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of the Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[5] Compare, s. 286.011(8), F.S., as amended by s. 1, Ch. 93-231, Laws of Florida, which exempts certain meetings from the Sunshine Law but which requires, among other things, that reasonable public notice of the time and date of such meetings and of the names of persons attending such meetings be given.