Mr. John W. Bowen Attorney for the School Board of Pinellas County Post Office Box 2942 Largo, Florida 34649-2942
Dear Mr. Bowen:
On behalf of the School Board of Pinellas County, you have asked for my opinion on the following questions:
1. Is it a violation of section 286.011, Florida Statutes, for an individual school board member to send a memorandum to other school board members informing them that the individual member intends to recommend certain action at the next school board meeting?
2. Assuming the answer to Question One is that such action is permissible, is it a violation of the Government in the Sunshine Law for other school board members to respond in writing to the author of the original memorandum and forward copies of their responses to the other school board members?
In sum:
1. It is not a violation of the Government in the Sunshine Law for a member of the school board to prepare and circulate an informational memorandum to the other school board members. Such a memorandum is a public record and copies must be made available for inspection and copying.
2. It is permissible for a school board member to prepare and circulate an informational memorandum or position paper to other board members. However, responsive memoranda or comments may not be solicited or supplied in circumvention of the open meetings requirement of section 286.011, Florida Statutes.
Your questions are related and will be answered together.
You state that, in the present instance, a memorandum from one school board member to all other members was circulated expressing that member's position on a matter that will come before the school board for action and urging the other board members to give the author's position very serious consideration. The memorandum does not request other board members to respond prior to the meeting at which the topic will be brought up for action or discussion. There was no discussion among the board members concerning the memorandum prior to the school board meeting, nor was there an exchange of correspondence among the board members concerning the memorandum. You acknowledge that, as is the case with any other correspondence going out to individual board members from the school board office, a copy of this memorandum is maintained as a public record and is made available to the press and public for inspection and copying.
Section 286.011, Florida Statutes, is the Government in the Sunshine Law, which makes all meetings of any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation or political subdivision at which official acts are to be taken open to the public at all times. Generally, the Sunshine Law applies to meetings of "two or more" members of the same board or commission.[1] In certain situations, however, the physical presence of two or more members is not necessary in order to find the Sunshine Law applicable.
Recognizing that the Sunshine Law is to be construed "to frustrate all evasive devices,"[2] this office has previously concluded that the use of memoranda among board or commission members to avoid a public meeting may be a violation of the law, even though two members of the board or commission are not physically present. In such a situation, if a memorandum reflecting the views of a board member is circulated among the other members of the board for each to indicate his or her approval or disapproval, upon completion of the members signing off the memorandum has the effect of becoming official action of the board in violation of the Government in the Sunshine Law.[3]
Similarly, the Sunshine Law is implicated when a person other than a board member is used as a liaison among board members. For example, a city manager may not ask each commissioner to state his or her position on a specific matter that will foreseeably be considered by the commission at a public meeting, in order to provide the information to the members of the commission.[4]
Likewise, the use of a memorandum to solicit comment from other members of the board or commission by responsive memoranda would appear to violate the statute. Such action would amount to discussing the public business through the use of memoranda without making provision for public input.
However, in Attorney General's Opinion 89-23, this office concluded that the use of a memorandum by a city commissioner to provide information to the other commissioners on a subject that was to be discussed at a public meeting did not violate the Government in the Sunshine Law so long as no interaction related to the memorandum took place among the commissioners. The circumstances of that opinion did not involve the use of a memorandum as a substitute for action at a public meeting because no interaction among the commissioners took place prior to the public meeting. No distinction should be made between verbal interaction and written interaction.
In a related situation this office recently considered whether certain sections of the school code would preclude a school board member from recommending policies directly to the board for adoption in the absence of a recommendation by the superintendent. In concluding that sections 230.32 and 230.33, Florida Statutes, are exclusively assigned to the superintendent of schools, this office recognized that he or she must accomplish these responsibilities with the advice and counsel of the school board. Thus, school board members may make suggestions to the superintendent in those areas which a board member may think appropriate for comment. If the superintendent believes that these are deserving of incorporation into his or her recommendations under section 230.32, Florida Statutes, they may be presented to the board for final action. However, this office expressed concern that this informal suggestion process be used with caution to ensure that no violation of the Sunshine Law would result.[5]
Therefore, it is my opinion that if a school board member writes a memorandum to provide information or to make a recommendation to other school board members on a particular subject, there is no violation of section 286.011, Florida Statutes. However, the use of a memorandum to solicit comment from other members of the board or commission or the circulation of responsive memoranda by other board members would violate the statute. Such action would be equivalent to private meetings discussing the public business through the use of memoranda without allowing an opportunity for public input.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973).
[2] Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974).
[3] See, Inf. Op. to John Blair, June 29, 1973.
[4] See, Blackford v. School Board of Orange County,375 So.2d 578 (Fla. 5th DCA 1979) (series of scheduled successive meetings between the school superintendent and individual members of the school board were subject to the Government in the Sunshine Law; while normally a meeting between the superintendent and a member would not be subject to s. 286.011, Fla. Stat., meetings held in rapid-fire succession in order to avoid a public meeting amounted to a de facto meeting of the school board).
[5] See, Op. Att'y Gen. Fla. 96-13 (1996).