Mr. Terry E. Lewis Attorney at Law Post Office Box 10788 Tallahassee, Florida 32302
Dear Mr. Lewis:
On behalf of the Bonita Springs Fire and Rescue District, you ask substantially the following questions:
1. Are meetings of the Lee County Fire Commissioner's Forum subject to section 286.011, Florida Statutes?
2. Are meetings of the Forum required to be advertised pursuant to section 189.417, Florida Statutes?
3. If meetings of the Forum are required to be advertised, does the publication of the regular meeting schedule one time per year pursuant to section 189.417, Florida Statutes, satisfy the notice requirements under section 286.011, Florida Statutes?
In sum:
1. Meetings of the Lee County Fire Commissioner's Forum at which two or more members of the same district's board are present and discuss matters that may foreseeably come before the board for official action are subject to section 286.011, Florida Statutes. If the Forum operates as a collegial body for incipient decision making, then it too would be subject to the Sunshine Law. As an organization providing an opportunity to network and discuss common concerns, however, the Forum would not by itself be subject to the open meetings law.
2. The Forum is not required to advertise its meetings pursuant to section 189.417, Florida Statutes.
3. The Lee County Fire Commissioner's Forum may not use the notice and publication schedule in section 189.417, Florida Statutes, to satisfy the notice requirements for any of its meetings that are subject to section 286.011, Florida Statutes.
The Bonita Springs Fire Control and Rescue District is one of seventeen independent special fire control districts operating in Lee County. Duly elected fire commissioners govern each district and it is conceded that district commission meetings are subject to section 286.011, Florida Statutes, and the notice requirements of section 189.417, Florida Statutes.
You state that the Lee County Fire Commissioner's Forum is a nonprofit corporation created by the fire control and rescue districts in Lee County. The Forum has a five-member board of directors and elected officers. Membership is limited to the fire control districts in Lee County. The Forum is typically a monthly informal meeting attended by fire chiefs and fire commissioners of the various local governments in Lee County. While no policy making or decision making takes place at the meetings, on some occasions more than one commissioner from a specific district may attend the same meeting and matters may be discussed that may foreseeably come before a district for consideration.
Question One
Section 286.011(1), Florida Statutes, provides that "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ." The basic requirements of the Government in the Sunshine Law are that meetings of a board or commission be open to the public, reasonable notice of such meetings be given, and minutes of the meeting be taken.[1]
Florida courts have repeatedly stated that the entire decision-making process is subject to the Sunshine Law, and not just the formal assemblage of a public body at which voting to ratify an official decision is carried out. The statute extends to discussions and deliberations as well as to formal action taken by a public body.[2] Therefore, the law is generally applicable to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by that board or commission.
While you have stated that no official action is taken at the meetings of the Forum, you indicate that discussions may involve multiple members of the same board or commission on matters that may foreseeably come before such entity in the future. In those instances where two or more members of the same board or commission discuss such matters, the meeting would clearly be subject to the requirements of section 286.011, Florida Statutes.
It is well settled that there is no "government by delegation" exception to the Sunshine Law such that public agencies may avoid their responsibilities and conduct public business in secret by use of an alter ego.[3] Moreover, Florida case law supports a liberal application of the Sunshine Law to give effect to its public purpose.[4] It would be consistent with the purpose of the Government in the Sunshine Law to find that the creation of an established monthly forum by the various fire control and rescue districts in Lee County, with a board of directors, elected officers and members meeting to potentially engage in incipient decision making affecting the districts, is a board or commission subject to the requirements of section 286.011, Florida Statutes.
This office has consistently found that a board or commission created by a public agency or entity is subject to section286.011, Florida Statutes.[5] For example, in Attorney General Opinion 97-17, this office concluded that a not-for-profit corporation created by a public agency to assist in the agency's redevelopment plan is subject to the Sunshine Law. However, it is recognized that organizations such as the Florida League of Cities and the Florida Sheriffs Association, where members meet to network and discuss concerns common to all, are not subject to the public meetings requirements of section 286.011, Florida Statutes.
Accordingly, it is my opinion that meetings of the Lee County Fire Commissioner's Forum at which two or more members of the same district board discuss matters that may foreseeably come before the board for official action must comply with the requirements of section 286.011, Florida Statutes. Meetings of the Forum for the purpose of incipient decision making would also be subject to the Sunshine Law. As an organization providing an opportunity to network and discuss common concerns, however, the Forum would not by itself be subject to the open meetings law.
Question Two
Section 189.417(1), Florida Statutes, requires the governing body of each special district to file quarterly, semiannually, or annually a schedule of its regular meetings with the local governing authority or authorities. The schedule must include the date, time, and location of each scheduled meeting, and be published in a newspaper of general paid circulation.[6] It is specifically recognized that all meetings of the governing body of the special district "shall be open to the public and governed by the provisions of chapter 286."[7]
For purposes of Chapter 189, Florida Statutes, "special district" is defined as "a unit of special purpose, as opposed to general-purpose, government with a limited boundary, created bygeneral law, special act, local ordinance, or by rule of theGovernor and Cabinet. . . ."[8] (emphasis supplied) You have not indicated, nor is there evidence, that the Lee County Fire Commissioner's Forum was created in the manner required for a special district under Chapter 189, Florida Statutes. Absent such conditions, it would not appear that the Forum would be required to file a schedule of its meetings with the local governing authority and publish such schedule as required in section189.417, Florida Statutes.
Question Three
In light of the conclusion in Question Two, the Lee County Fire Commissioner's Forum may not use the notice and publication requirements in section 189.417, Florida Statutes, as a substitute for the notice required for meetings subject to section 286.011, Florida Statutes.
Under the Sunshine Law, boards subject to its requirements must provide "reasonable notice" of all meetings.[9] While the term "reasonable notice" has not been statutorily defined, this office has recognized that the type of notice that must be given is variable and will depend on the facts of the situation and the board involved.[10] In each case, however, an agency must give notice at such time and in such manner as to enable interested members of the public to attend the meeting.[11]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 286.011(1) and (2), Fla. Stat.
[2] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the Court recognized the right of the public to be present and heard during all phases of enactments by public boards; Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979). And see, Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969), stating:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
[3] See, IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353 (Fla. 4th DCA 1973), certified question answered sub nom.,Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974).
[4] See, e.g., Wood v. Marston, 442 So.2d 934 (Fla. 1983);Board of Public Instruction of Broward County v. Doran, supra. (statute should be broadly construed to effect its remedial and protective purpose).
[5] See, Op. Att'y Gen. Fla. 97-17 (1997) and opinions cited therein. See also, Ops. Att'y Gen. Fla. 97-27 (1997) (board of trustees of private nonprofit corporation subject to Sunshine Law after it entered into purchase/lease/option agreement with city where city had oversight responsibilities, owned the building housing the museum and made a substantial financial contribution to its operation); 92-53 (1992) (Sunshine Law applies to a direct-support organization created as a private nonprofit corporation for the purpose of assisting a public museum); and
96-43 (1996) (Astronauts Memorial Foundation, a non-profit corporation, subject to Sunshine Law when performing duties funded under the General Appropriations Act).
[6] Section 189.417(1), Fla. Stat., further requires advertisement of any meeting other than a regular meeting or any recessed and reconvened meeting at least seven days prior to such meeting, in a newspaper of general paid circulation in the county or counties in which the special district is located, unless a bona fide emergency exists, in which case reasonable notice must be given and action taken must be subsequently ratified by the board.
[7] Section 189.417(2), Fla. Stat.
[8] Section 189.403(1), Fla. Stat.
[9] Section 286.011(1), Fla. Stat.
[10] See, Ops. Att'y Gen. Fla. 80-78 (1980) and 73-170 (1973).
[11] See, Hough v. Stembridge, 278 So.2d 288, 291 (Fla. 3d DCA 1973); Yarbrough v. Young, 462 So.2d 515, 517 (Fla. 1st DCA 1985). See also, Ops. Att'y Gen. Fla. 73-170 (1973) and 80-78 (1980). This office, in the GOVERNMENT-IN-THE-SUNSHINE MANUAL, Volume 22 (2000 Ed.) p. 34, has suggested the following guidelines:
"1. the notice should contain the time and place of the meeting and, if available, an agenda (or if no agenda is available, subject matter summations might be used);
2. the notice should be prominently displayed in the area in the agency's offices set aside for that purpose, e.g., for cities, in city hall;
3. emergency sessions should be afforded the most appropriate and effective notice under the circumstances and special meetings should have at least 24 hours reasonable notice to the public; and
4. the use of press releases and/or phone calls to the wire services and other media is highly effective. On matters of critical public concern such as rezoning, budgeting, taxation, appointment of public officers, etc., advertising in the local newspapers of general circulation would be appropriate."