Mr. Joseph H. Weil City Attorney City of Sweetwater 500 Southwest 109th Avenue Sweetwater, Florida 33174-1398
Dear Mr. Weil:
You ask substantially the following question:
May the mayor, who is not a member of the city council and does not have the authority to break tie votes but who possesses the veto power over legislation passed by the city council, privately meet with an individual member of the city council without violating the Government-in-the-Sunshine Law?
In sum, I am of the opinion that:
The mayor, possessing only the veto power, may meet privately with an individual member of the city council without violating the Government-in-the-Sunshine Law provided he is not acting as a liaison between council members and neither he nor the council member have been delegated the authority to act on behalf of the council.
According to your letter, the Mayor of the City of Sweetwater is not a member of the city council which has its own president and vice-president. He does not participate in the council proceedings except to be allowed to speak. He has no voting power and in the case of a tie vote, is not permitted to break the tie with a vote.
The mayor, however, does have the power to veto legislation passed by the council. The council may override the mayor's veto by a five-sevenths vote of the entire council. You ask whether this veto power places the mayor within the legislative process to the extent that he is prohibited from meeting privately with individual members of the city council.
Section 286.011, F.S., the Government-in-the-Sunshine Law, provides in pertinent part:
(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The statute has been held to be applicable to meetings of two or more members of a public board or commission.[1] In addition, the term "meeting" has been interpreted to encompass informal discussions and deliberations as well as formal action taken by a public body.[2]
Clearly, when two or more members of the city council meet to discuss some matter which will come before the council for action, such a meeting is subject to the Sunshine Law. However, whether the provisions of s. 286.011, F.S., are applicable between a mayor and individual members of the council turns on the nature of the relationship between the mayor and the city council.
In those municipalities where the mayor is a member of the city council, discussions between the mayor and another member of the council clearly would be subject to the Sunshine Law. This office has also stated that where the mayor is not a member of the council but has a voice in the decision-making process through the authority to break a tie vote, the mayor is subject to the requirements of the Sunshine Law when discussing matters which could come before the entire council and possibly involve him through his power to break ties.[3]
In each of those opinions, the power to vote was a primary factor in determining whether the mayor was considered to be a part of the city council for purposes of the Sunshine Law. Under the charter for the City of Sweetwater, the mayor is a separate executive officer possessing no power to vote under any circumstances.[4] The power to veto with no accompanying power to vote would not appear to make the mayor a member of the council for purposes of the Sunshine Law.[5]
Accordingly, I am of the opinion that the mayor, possessing only the power to veto, is not a member of the city council to whom the Sunshine Law applies. Meetings between the mayor and an individual member of the council, therefore, would not generally be subject to the terms of s. 286.011, F.S.
This is not to say that instances may not arise in which the Sunshine Law would be applicable. For example, if the mayor is acting as a liaison between members of the council on matters which will come before the council, the Sunshine Law would be applicable to such meetings between the mayor and an individual member of the council.[6] Moreover, if the mayor of the individual council member, or both, have been delegated the authority to act on behalf of the city council, the Sunshine Law would be applicable to any discussion between these individuals regarding such matters.[7]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Hough v. Stembridge, 278 So.2d 288)3 D.C.A. Fla., 1973); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971)
[2] See, e.g., Board of public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969).
[3] See, AGO's 75-210 and 85-36. Compare, AGO 83-70 stating that if some matter falls within the administrative functions of the mayor and would not come before the city council for consideration and further actions, discussions between the mayor and an individual council member are not subject to the Sunshine Law.
[4] See, ss. 4.01 and 4.09, Charter, City of Sweetwater.
[5] See, AGO 85-36 in which this office concluded that the mayor of the Town of Branford who had no power to vote but possessed the power to veto was not subject to the Sunshine Law. Cf., Advisory Opinion to the Governor, 12 So.2d 583 (Fla. 1943), in which the Court stated that the Governor's duty to review legislation is an executive rather than legislative function.
[6] See, e.g., Blackford v. School Board of Orange County,375 So.2d 578 (5 D.C.A. Fla., 1979), in which the court held that scheduled successive meetings between the school superintendent and individual members of the school board held in order to avoid a public airing of a controversial redistricting plan violated the Sunshine Law. And see, AGO's 74-47 and 89-39, respectively, stating that a city manager and county commission aides are not subject to the Sunshine Law unless they are acting as liaisons between board members.
[7] See, AGO 90-17 in which the office discussed the applicability of the Sunshine Law to a commissioner negotiating a garbage collection contract. And see, AGO 74-294 concluding the the Sunshine Law was applicable to a single member of a public board to whom the authority to act on behalf of the board had been delegated.