Mr. James G. Sisco County Attorney St. Johns County
You ask the following question:
To comply with the Sunshine Law, must a meeting of a county board or agency (agency) be designated, noticed, and conducted as a meeting of both the agency and the St. Johns County Commission, when one county commissioner sits as a member of the agency and other commission members may attend or participate in the agency meeting, assuming that matters under discussion at this meeting will subsequently come before the St. Johns County Commission for action?
In sum:
A county commissioner may attend a meeting of a county board or agency upon which another county commissioner serves as a board member and may participate in the discussion of matters which may foreseeably come before the county commission without being in clear violation of the Sunshine Law, section 286.011, Florida Statutes, if reasonable public notice of the agency meeting has been provided to the public. However, it may be advisable to include mention in the published notice of a county board meeting of the possible attendance and participation of county commission members in the proceedings of the county board or agency.
Your letter states that St. Johns County has various agencies, committees, and boards which make recommendations for action to the board of county commissioners, such agencies include the tourist development council, the community redevelopment agency, and the aquatic preserve committee.
Often a member of the board of county commissioners serves on the governing board of the agency. The agency board meetings are advertised in advance, are open to the public, and minutes are kept. You state that, on occasion, when an item is on an agency agenda for the purpose of making a recommendation to the board of county commissioners, commissioners other than the commission member of the agency may wish to attend the agency meeting and participate in the discussion. The topic under discussion may be of special interest to the visiting commissioner because it affects his district or for other reasons.
Since the meeting is advertised only as an agency meeting, and not as a meeting of the board of county commissioners, the situation creates what you perceive as a possible Sunshine Law problem due to the presence and participation of two or more members of the board of county commissioners.
Pursuant to section 286.011(1), Florida Statutes:
"All meetings of any board or commission of . . . any agency or authority of any county . . . or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
Subsection (2) of this statute requires that the minutes of a meeting subject to the Sunshine Law "shall be promptly recorded, and such records shall be open to public inspection." The statute provides both criminal and noncriminal penalties for violations of the law.[1]
It is true that the Government in the Sunshine Law is not limited to meetings at which final, formal actions are to be taken. It applies to "any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board."[2]
The test for determining whether a violation of the law has occurred is whether the members have dealt in secret with any matter on which foreseeable action may be taken by the board.[3]
In this case, no attempt is being made by the county commissioner to meet in secret, rather any discussion is undertaken at a public, duly noticed meeting at which minutes are recorded.
You state that reasonable notice of these agency or board meetings has been given pursuant to section 286.011, Florida Statutes This office has suggested that what constitutes due or reasonable notice is variable, depending on the facts of the situation and the board involved. In each case, however, an agency must give notice at such time and in such manner as will enable interested members of the public to attend the meeting if they wish to do so.[4] The essential element of such notice would appear to be notification to the public of the substance and topics of discussion to be undertaken at the meeting.
While due or reasonable public notice should accurately reflect the basics of the meeting to be held, that is, the time, place, and agenda of the meeting and should indicate what board is calling the meeting, I am aware of no requirement that such notice contain mention of all the possible attendees of such a meeting who may, in some combination, constitute a board or commission under the Sunshine Law. However, it may be advisable, in those situations where county commissioners plan to attend a meeting of a county board that the notice of the meeting reflect this fact. A statement in the published board meeting notice that country commission members may be in attendance and may participate in board discussions may be sufficient to alert the public to such participation.
In any case in which two or more boards or commissions are holding a meeting together the notice provided to the public should make the joint nature of the meeting clear. However, section 286.011, Florida Statutes, should not be read to require that such notice designate a meeting of a county agency or board as one held jointly with the county commission merely because members of the county commission may be in attendance at that meeting or may enter into discussions on matters which may subsequently come before the county commission.
Therefore, it is my opinion that a county commission member may attend and participate in the discussion at a public meeting held by the governing board of a county agency or board on which another county commissioner serves, without clearly violating section 286.0112, Florida Statutes, if the agency meeting is held in compliance with the Sunshine Law. However, in an effort to satisfy the spirit of the Sunshine Law, this office would recommend that the published notice of a meeting of a county board or agency include mention of the anticipated attendance and participation of county commission members in board proceedings.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 286.011(3)(a), Fla. Stat., states that "[a]ny public officer who violates any provision of this section is guilty of a noncriminal infraction, punishable by fine not exceeding $500." A criminal penalty is imposed by s. 286.011(3)(b), Fla. Stat., making it a misdemeanor of the second degree for "[a]ny person who is a member of a board or commission. . . or authority of any county . . . who knowingly violates the provisions of this section by attending a meeting not held in accordance with the provisions hereof . . . ."
[2] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 698 (Fla. 1969); Canney v. Board of PublicInstruction of Alachua County, 278 So.2d 260 (Fla. 1973).
[3] Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973).
[4] See, e.g., Ops. Att'y Gen. Fla. 91-90 (1991), 80-78 (1980), and 73-170 (1973).