574 So.2d 221 (1991)
Darnell RHEA, Appellant,
v.
CITY OF GAINESVILLE, Appellee.
No. 90-1927.
District Court of Appeal of Florida, First District.
January 23, 1991.
Rehearing Denied March 4, 1991.
Darnell Rhea, pro se.
Celeste F. Adorno, Asst. City Atty., Gainesville, for appellee.
SHIVERS, Chief Judge.
Appellant, Darnell Rhea, appeals the trial court's dismissal with prejudice of his amended complaint. We reverse.
The record indicates that, on February 20, 1990, the mayor of Gainesville called a special meeting of the Gainesville City Commission. The meeting was held that afternoon at 3:00 p.m. The minutes of the 3:00 p.m. meeting indicate that all members of the local news media were contacted regarding the special meeting no later than 1:35 p.m. that day. The purpose of the meeting was to respond to the upcoming appointment by the Alachua County legislative delegation of a committee to study the operation of Gainesville Regional Utilities. At the meeting, discussion was had and a motion was passed authorizing the mayor to write to the delegation conveying the Commission's position on the issue and offering the Commission's support.
On March 9, 1990, appellant (a resident of Alachua County) filed a complaint against the City purporting to allege that the February 20, 1990 meeting had been held without proper notice to the public, and was therefore in violation of the "Sunshine Law" (section 286.011, Florida Statutes). The City filed a motion to dismiss for failure to state a cause of action, and the motion was granted with leave to amend. On May 4, 1990, appellant filed an amended complaint requesting the court find that the meeting violated the notice requirement, that it void all formal action taken at the meeting, and that it award appellant costs pursuant to section 286.011(4). The City again moved to dismiss for failure to allege facts establishing a violation of section 286.011 and, on June 12, 1990, the court dismissed the amended complaint *222 with prejudice, finding "the acts complained of by the plaintiff... are not formal actions contemplated within the provisions of Florida Statute 286.011."
Section 286.011(1), Florida Statutes provides, in part, as follows:
(1) All meetings of any board or commission of any .. . municipal corporation ... at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
(2) The minutes of a meeting of any such board or commission ... shall be promptly recorded, and such records shall be open to public inspection. The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizen of this state.
(emphasis supplied) Although the statute does not contain a specific notice requirement, it has been held that "reasonable notice" of a public meeting is mandatory in order for the meeting to be public in essence. Op. Atty. Gen., 080-78, September 22, 1980; Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973). In Yarbrough v. Young, 462 So.2d 515 (Fla. 1st DCA 1985), this court found that three days' notice of a meeting constituted reasonable notice. And in a 1973 attorney general's opinion, it was stated that the meaning of the term "due public notice" would vary depending on the fact situation, but that its purpose was to apprise the public of the pendency of matters that might affect their rights, afford them the opportunity to appear and present their views, and afford them a reasonable time to make an appearance if they wished. Op.Atty.Gen., 73-170, May 17, 1973.
The statute also fails to define the terms "official acts" or "formal action." The Florida Supreme Court, however, has held that the Sunshine Law covers "any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board." Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 698 (Fla. 1969). Further, the Second District has held that "[e]very step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act." Times Publishing Co. v. Williams, 222 So.2d 470, 473 (Fla. 2d DCA 1969), overruled in part, Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla. 1985).
Under the above authorities, we find appellant's amended complaint to have stated a sufficient cause of action under section 286.011, by making a prima facie showing that the Commission held a public meeting at which official acts or formal action took place, without providing reasonable notice to the public. We therefore reverse the dismissal of the amended complaint, and remand for further proceedings.
SMITH and MINER, JJ., concur.