670 So.2d 1014 (1996)
LAW AND INFORMATION SERVICES, INC., a Florida Corporation, Appellant,
v.
The CITY OF RIVIERA BEACH, Appellee.
No. 94-2972.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
Rehearing, Certification and Rehearing Denied April 17, 1996.
*1015 Frank A. Kreidler, Lake Worth, for appellant.
Glen J. Torcivia of Law Offices of Glen J. Torcivia, P.A., West Palm Beach, for appellee.
Rehearing, Certification and Rehearing En Banc Denied April 17, 1996.
STONE, Judge.
We affirm a final order dismissing a complaint alleging that the appellee/city violated the government in the sunshine law incident to hiring a city manager.
According to the complaint, the city sought applicants for the position of city manager and announced that it would interview the top five candidates between April 20 and April 26, 1994. Nevertheless, at its regular meeting on April 20, the city council voted to hire applicant Gerald Adams, who had been employed by the city as a deputy, and acting, city manager. The complaint alleges that there was no advance notice that the council would vote at the April 20 meeting to select a city manager.
It is undisputed that there was notice of the meeting itself, as well as a written agenda, but the agenda did not include this item.
The city's motion to dismiss asserted that the complaint fails to state a cause of action because the sunshine law does not require that specific matters that may be resolved at a public meeting be listed on an agenda, that the public had no right to actively participate as to this item, and that any technical violation of the law, in the event any council members had met unlawfully, was corrected by the later public decision.
Section 286.011(1), Florida Statutes (1993), the "Government in the Sunshine Law," provides that
All meetings of any board or commission of any ... municipal corporation ..., except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
In addition, article I, section 24(b), of the Florida Constitution, adopted in 1992, making the sunshine law part of the constitution, also requires that all meetings of governmental bodies be "open and noticed to the public."
We note that only two Florida appellate cases deal with the absence of meeting agendas, both of which hold that there is no requirement in the sunshine law that specific matters to be addressed by a public body be listed in advance of the meeting on an agenda.
In Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973), the court recognized that for a public meeting to be public, reasonable notice is mandatory, but that the act does not "contemplate" that an item must be placed on an agenda before it can be considered, stating:
Although the drawing up of an agenda is a matter related to a noticed public meeting, it essentially is an integral part of the actual mechanics and procedures for conducting that meeting and, therefore, aptly relegated to local practice and procedure as prescribed by city charters and ordinances.
Id. at 291.
The First District cited Hough in Yarbrough v. Young, 462 So.2d 515 (Fla. 1st DCA 1985), in reversing a trial court's order declaring that the actions of the Perry city council violated the sunshine law. There, the city had announced on October 25 that contemplated utility improvements of $1.3 million would be on the agenda of a meeting October 28. However, an updated report set the cost at $8.8 million, an amount never mentioned at a public meeting until October 28, at which time the council adopted the report.
In Yarbrough, the trial court concluded that the council should have postponed its deliberations until the public received notice *1016 that the council was considering the significantly higher amount. The appellate court disagreed. Although a meeting notice was mandatory, an agenda was not. Therefore, the city had no duty to give notice that it might adopt the more expensive improvements.
Appellant suggests that the Riviera Beach council's action was an unlawful attempt to avoid violating the sunshine law by circumventing it. See Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla.1974); Board of Pub. Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla.1969); City of Miami Beach v. Berns, 245 So.2d 38, 41 (Fla.1971); Blackford v. School Bd. of Orange County, 375 So.2d 578, 580 (Fla. 5th DCA 1979). These opinions recognize that boards should not be allowed, through devious methods, to "deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made." Doran, 224 So.2d at 699. However, we deem these authorities inapposite as not inconsistent with the recognized principle that if a meeting itself is properly noticed, there is no requirement in the act in question that a governmental body give notice of potential deviation from a previously announced agenda. Hough; Yarbrough.
We have considered Appellant's argument that by including a provision for notice, the constitutional provision adds a requirement not provided in the statute, overruling Hough and Yarbrough. However, we see no reason to construe the constitutional provision differently from the statute, which has been interpreted as providing for notice. See Monroe County v. Pigeon Key Historical Park, Inc., 647 So.2d 857, 868 (Fla. 3d DCA 1994). The meaning of the constitutional provision is clear: that the public is entitled to notice of when and where a governmental meeting is to be held, and that when held such meetings are to be conducted openly.
We are, of course, concerned that a board's failure to publicize an agenda item may mislead interested citizens into assuming that a matter will not be addressed at a scheduled public meeting. However, whether to impose a requirement that restricts every relevant commission or board from considering matters not on an agenda is a policy decision to be made by the legislature.
Concerning the other issues raised, we also affirm. Appellant argues that the public has lost a right to participate in the decision. However, when a commission or board meeting has been duly noticed and conducted in public, the public is not deprived of an opportunity to participate in the proceedings if the item at issue before the commission is not one on which members of the public have a right to speak prior to its resolution by the commission or board. E.g., Wood v. Marston, 442 So.2d 934 (Fla.1983). Appellant also charges that a separate sunshine law violation must have occurred, in that the extent of the commissioners' discussion and the lack of an announced background check on the candidate selected lead to an inference that an unlawful decision "may" have been reached by the commissioners privately, prior to the public meeting. Such patent speculation, absent any allegation that a non-public meeting in fact occurred, is insufficient to state a cause of action.
The other issues raised as to this claim are moot.
KLEIN, J., and MAY, MELANIE, Associate Judge, concur.