Mr. E.D. "Sonny" Vergara Executive Director Southwest Florida Water Management District 2379 Broad Street Brooksville, Florida 34604-6899
Dear Mr. Vergara:
On behalf of the Southwest Florida Water Management District you have asked for my opinion on substantially the following question:
Does use of an online "bulletin board" for the discussion of issues that may foreseeably come before a water management district basin board violate the Government in the Sunshine Law, under the following circumstances:
1. The bulletin board is open for a period of at least twenty days and perhaps longer; 2. Public notice is published in advance of the opening of the bulletin board and announces the length of time during which the bulletin board is open for the posting of board member comments, the topics for discussion and public access points; 3. Public access terminals are provided at various locations so that the public may read the contents of the bulletin board; 4. An agenda is prepared and available upon request; 5. The full text of all board members' comments posted on the bulletin board are archived as a public record and made available upon request.
In sum:
The use of an electronic bulletin board by water management district basin board members to discuss matters that may foreseeably come before the basin board over an extended period of days or weeks, which does not permit the public to participate online, is a violation of section286.011, Florida Statutes, and should be discontinued.
According to your letter, the Southwest Florida Water Management District is geographically divided into nine regional basins, each basin being administered by a basin board. The basin boards typically act in an advisory capacity to the district's governing board. Basin boards have the duties set forth in section 373.0695, Florida Statutes, and the budgetary and taxing authority set forth in section 373.0697, Florida Statutes.
There is no statutory requirement that basin boards meet at any fixed place or location. You have advised this office that members of the basin boards generally hold formal public meetings bi-monthly. These meetings are held at various locations within the individual basins and are noticed and open to the public.
The Peace River Basin Board (the "Peace Board") is made up of eight members representing portions of Charlotte, Polk and Highlands counties and all of DeSoto and Hardee counties. The Peace Board usually holds formal public meetings on a bi-monthly basis.
The Peace Board has implemented a pilot program, the Peace River Discussion Panel. This pilot program takes the form of an online "bulletin board" through which Peace Board members can communicate among themselves between their normally scheduled public meetings by posting comments on the online bulletin board. Board members can post comments and discuss matters that will foreseeably come before the board in a regular public meeting.
The public may not directly respond online to the comments posted on the bulletin board by the basin board members. Rather, public comment may be made by email to the district, by phone or in writing to a basin board member, or in person at the next basin board meeting, where time is allotted on the agenda specifically for that purpose.
The initial discussion panel bulletin board was open for posting for a period of 22 days, and you indicate that future discussion panels could last longer. Board members posted their comments on the bulletin board at their convenience. The comments remained posted cumulatively for the full 22 days, during which time interested members of the public with computer access were able to view the comments at any time of the day or night at their convenience. A full record of all the bulletin board postings was archived and is available upon request by any person.
The district has provided computer terminals for public use at each of its five service offices, allowing access to the discussion panel during normal working hours. In addition, the district compiled a list of all local public libraries offering public Internet access for public distribution. The bulletin board may be read at any time by any member of the public who has access to a personal computer and the Internet.
You recognize that these bulletin board discussions are meetings that are subject to the Government in the Sunshine Law and ask whether the use of this online bulletin board complies with that statute.
The Florida Government in the Sunshine Law, section 286.011(1), Florida Statutes, provides:
"All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
As a statute enacted in the public interest to protect the public from "closed door" politics, the Sunshine Law must be broadly construed to effect its remedial and protective purposes.[1] The courts of this state have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies and not merely to a formal assemblage of a public body at which voting is conducted to ratify an official decision. The statute extends to discussions and deliberations as well as to formal action taken by a public body.[2] As the court stated in Times Publishing Company v. Williams,[3]
"[I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
Thus, the public is entitled to participate in a meaningful way in the decision-making process and this constitutional right is protected by the Government in the Sunshine Law.
The bulletin board project contemplates the discussion of issues of importance to the district through the use of a medium that may be accessed 24 hours a day, seven days a week for an extended period of time. While no Florida court has considered this issue, it is my opinion that this proposal would violate the Sunshine Law by circumventing the notice and access provisions of that law.
Section 286.011(1), Florida Statutes, specifically requires that a "board or commission must provide reasonable notice" of meetings subject to the Sunshine Law.(e.s.) The purpose of the notice requirement is to provide interested persons a specific time and date to attend a meeting at which their elected public officials will discuss issues and express their views, and members of the public can participate with the expectation that those public views will be given consideration prior to a formal vote on any matter.[4] The bulletin board appears to represent a possible means of formulating positions on issues just short of a formal vote at a regular public meeting without presenting a meaningful opportunity for the public to be involved.
In Wood v. Marston,[5] the Florida Supreme Court acknowledged the public's right of first-hand access to the decision-making process. The courts have recognized the importance of public participation in open meetings. The Florida Supreme Court has stated that "specific boards and commissions . . . should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made."[6]
The forum you propose is an ongoing discussion that places the burden on the citizens to determine when a particular issue in which they may be interested will be discussed and to respond at that time or possibly miss their opportunity to be involved in the discussion in a meaningful way. Based on your assertion that this discussion may occur over 22 days or more, there is no direct relationship in time between the issues discussed by the board members and the ability of the public to participate in these discussions without maintaining a 24-hour, around-the-clock check on what may be posted on the bulletin board. You advise that the public may comment on any matter posted on the bulletin board by electronic mail to the district, and by phone or in writing to a basin board member. In addition, at regular basin board meetings time is allotted on the agenda specifically for that purpose. However, there is no direct correlation in time between the discussion occurring on the bulletin board by the basin board members and the public's ability to respond to those comments. The use of the bulletin board for discussions of the basin board places the burden on the public to constantly monitor the site in order to participate meaningfully in the discussion taking place there and extends this burden over the course of days, weeks or months. This office will not read a statute enacted in the public interest in a manner that would essentially foreclose meaningful public participation in a public meeting.
This office has considered the use of electronic media to conduct workshops and informal meetings and concluded that, because of the nature of the discussions, such arrangements were acceptable.[7] However, these meetings were noticed and conducted at a particular time and the public was afforded an opportunity to participate directly in the discussion of issues as they were considered during that specific, noticed meeting.
In the absence of any proximity in time between the discussions of basin board members and the public's ability to participate in these discussions, it is my opinion that the use of an electronic bulletin board by board members to discuss matters that may foreseeably come before a water management district basin board over an extended period of days or weeks, which does not permit the public to participate online, is a violation of section 286.011, Florida Statutes, and should be discontinued.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Wood v. Marston, 442 So.2d 934, 938 (Fla. 1983); Canney v.Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[2] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the court recognized the right of the public to be present and heard during all phases of enactments by public boards and commissions; Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979).
[3] 222 So.2d 470, 473 (Fla. 2d DCA 1969).
[4] See, Rhea v. City of Gainesville, 574 So.2d 221, 222 (Fla. 1st DCA 1991), citing Op. Att'y Gen. Fla. 73-170 (1973).
[5] 442 So.2d 934 (Fla. 1983).
[6] Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969). And see, City of Miami Beach v. Berns, 245 So.2d 38,41 (Fla. 1971) ("The evil of closed door operation of government without permitting public scrutiny and participation is what the law seeks to prohibit."); Town of Palm Beach v. Gradison,296 So.2d 473, 475 (Fla. 1974), (a meeting is "a marketplace of ideas, so that the governmental agency may have sufficient input from the citizens who are going to be affected by the subsequent action of the [public agency].")
[7] See, Op. Att'y Gen. Fla. 01-66 (2001).