Mr. James W. Denhardt Treasure Island City Attorney 2700 First Avenue North St. Petersburg, Florida 33713
Dear Mr. Denhardt:
On behalf of the City Commission for the City of Treasure Island, you have asked for my opinion on substantially the following question:
In light of the Government in the Sunshine Law, section 286.011, Florida Statutes, may the City Commission for the City of Treasure Island add topics to the agenda of a regularly noticed meeting while that meeting is being conducted and take formal action on those matters?
Florida's Government in the Sunshine Law, section 286.011(1), Florida Statutes, states:
"All meetings of any board or commission of . . . any agency or authority of any county . . . or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
For a committee or board subject to section 286.011, Florida Statutes, the statute requires that the meetings of such committee or board be open to the public, that reasonable notice of such meeting be given, and that minutes of the meetings be taken.
In interpreting section 286.011, Florida Statutes, the courts have stated that the Sunshine Law applies to the entire decision-making process and not merely to the formal assemblage of a public body at which the final vote to ratify a decision is taken.[1] Thus, this office has determined that the Government in the Sunshine Law applies to such gatherings as "executive work sessions" held by a board of commissioners of a housing authority to discuss policy matters;[2] "conciliation conferences" of a human relations board;[3] "workshop meetings" of a planning and zoning commission;[4] and "conference sessions" held by a town council before its regular meetings.[5]
The charter of the City of Treasure Island provides that:
"The commission shall meet regularly at least once every month at such times and places as the commission may prescribe by rule. Special meetings may be held on the call of the mayor, vice-mayor, in the absence of the mayor, or of a majority of the members and whenever practicable, upon no less than twelve (12) hours' notice to each member and the public and all meetings shall be public."[6]
The charter authorizes the commission to determine its own rules and the mayor, with commission approval, is authorized to "set the order of business for each regular and special meeting."[7]
The commission has adopted rules of procedure that provide for regular business meetings on the second and fourth Tuesday of each month.[8] On alternate Tuesdays, that is on the first and third Tuesday of each month, the city commission holds "regular workshops."[9] Both types of meetings are held in the same place, at the same time, and under the same procedures with regard to agenda and notice to the public. Workshop meetings appear to be less formal in their requirements for strict adherence to the rules of parliamentary procedure.[10]
Of particular concern to you is a procedural rule that allows the addition of issues to the agenda of a workshop meeting. With regard to commission workshops, Article I, section 3., Rules of Procedure, states that "[u]pon the affirmative vote of three (3) members of the City Commission, the Commission may add topics to the agenda at the meeting and may take formal action on any matter at said workshop meeting." Thus, the rule would allow the commission to add a matter to the agenda and take formal action on that issue without requiring that the public be given formal notice in advance that the issue will be taken up.
A recent Florida case considering the requirement of notice for issues to be decided at public meetings is Law and Information Services, Inc. v.City of Riviera Beach.[11] In that case the city sought applicants for the position of city manager and announced that it would interview candidates between April 20 and April 26, 1994. However, at its regular meeting on April 20 the city council voted to hire the acting city manager. The law services corporation brought an action against the city alleging a violation of the Government in the Sunshine Law founded on the fact that the city had taken action at a public meeting at which the hiring of the city manager was not on the published agenda. The appellant, Law and Information Services, argued that the city council's action was an unlawful attempt to avoid violating the Sunshine Law by circumventing it. The court responded to this argument by finding that "if a meeting itself is properly noticed, there is no requirement in the act in question that a governmental body give notice of potential deviation from a previously announced agenda."[12]
The court relied on the earlier holdings in two significant Sunshine Law cases: Hough v. Stembridge[13] and Yarbrough v. Young.[14] In theHough case the court stated that in order for a public meeting to be public, reasonable notice is mandatory. However, the court recognized that the Sunshine Law does not "contemplate" that an item must be placed on an agenda before it can be considered, and discussed the competing considerations for a prepared agenda at public meetings:
"The agenda plots the orderly conduct of business to be taken up at a noticed public meeting as provided for by city charter or ordinance. F.S. s. 286.011 does not embody this subject matter nor does it contemplate the necessity for each item to be placed on the agenda before it can be considered by a public noticed meeting of a governmental body. Although the drawing up of an agenda is a matter related to a noticed public meeting, it essentially is an integral part of the actual mechanics and procedures for conducting that meeting and, therefore, aptly relegated to local practice and procedure as prescribed by city charters and ordinances. Furthermore, the necessity of items to appear on an agenda before they could be heard at a meeting would foreclose easy access to such meeting to members of the general public who wish to bring specific issues before the governmental body."[15]
In Yarbrough v. Young,[16] the trial court had determined that the action of the Perry city council violated the Government in the Sunshine Law. The city had announced on October 25, 1983, that a discussion of proposed city utility improvements of $1.3 million would be on the agenda of a meeting on October 28. However, a subsequent report estimated the actual costs for such improvements at $8.8 million. The updated amount was never mentioned at a public meeting until the October 28 meeting, at which time the city adopted the report.
The trial court in Yarbrough concluded that the city council should have postponed deliberations until the public received notice that the council was considering the higher dollar amount. The First District Court of Appeal disagreed and reversed the trial court's order. The appellate court held that although a meeting notice was mandatory, an agenda was not. Therefore, the city had no duty to give notice that it might adopt the more expensive improvements.
Thus, while Florida courts have recognized that notice of public meetings is a mandatory requirement of the Government in the Sunshine Law, the preparation of an agenda that reflects every issue that may come before the governmental entity at a noticed meeting is not. Based on these considerations, it is my opinion that the City of Treasure Island is not prohibited by the Government in the Sunshine Law from following its procedural policy allowing the addition of topics to the agenda at a regularly noticed meeting of the council and taking formal action on any matter added to the agenda of such a meeting. However, this office would strongly recommend that the city commission postpone formal action on controversial matters coming before the board at a meeting where the public has not been given notice that such an issue will be discussed. The purpose of the notice requirement of the Sunshine Law is "to apprise the public of the pendency of matters that might affect their rights, afford them the opportunity to appear and present their views, and afford them a reasonable time to make an appearance if they wished."[17] In the spirit of the Sunshine Law, the city commission should be sensitive to the community's concerns that it be allowed advance notice and, therefore, meaningful participation on controversial issues coming before the commission.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, e.g., Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Times Publishing Company v. Williams,222 So.2d 470 (Fla. 2d DCA 1969) (every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action).
[2] Attorney General's Opinion 76-102 (1976).
[3] Attorney General's Opinion 74-358 (1974).
[4] Attorney General's Opinion 74-94 (1974).
[5] Attorney General's Opinion 74-62 (1974). And see, Nocera v. SchoolBoard of Lee County, Florida, No. 91-1828 CA-WCM (Fla. 20th Cir. Ct. November 25, 1991) (workshop meeting of school board at which school rezoning or desegregation order discussed subject to Sunshine Law).
[6] Section 3.07(a), Charter of Treasure Island, Florida.
[7] Section 3.07(b), id.
[8] Article II, s. 1.a., Commission Rules of Procedure of the City of Treasure Island.
[9] Article I, s. 1.a., id.
[10] See, Art. II, ss. 8-15, Commission Rules of Procedure, which set out with specificity the rules to be followed during the course of a regular business meeting.
[11] 670 So.2d 1014 (Fla. 4th DCA 1996), pet. for rev. den.678 So.2d 1287 (Fla. 1996).
[12] 670 So.2d at 1016.
[13] 278 So.2d 288 (Fla. 3d DCA 1973).
[14] 462 So.2d 515 (Fla. 1st DCA 1985).
[15] 278 So.2d at 290-291.
[16] Supra n. 14.
[17] Rhea v. City of Gainesville, 574 So.2d 221, 222 (Fla. 1st DCA 1991), citing Attorney General's Opinion 73-170 (1973).