Mr. James V. Crosby Secretary Florida Department of Corrections 2601 Blair Stone Road Tallahassee, Florida 32399-2500
Dear Mr. Crosby:
You ask substantially the following questions:
1) Does section 286.011, Florida Statutes, the Government in the Sunshine Law, apply to the Prison Rehabilitative Industries and Diversified Enterprises (PRIDE)?
2) If PRIDE is subject to the provisions of section 286.011, Florida Statutes, what are the notice and procedural requirements to which PRIDE must adhere?
3) If PRIDE is subject to the provisions of section 286.011, Florida Statutes, may PRIDE hold a closed meeting to discuss proprietary confidential business information?
4) If PRIDE sends you proprietary confidential business information as a member of the PRIDE board of directors, does that information lose its exempt status by virtue of the fact that it was sent to your office in the Department of Corrections?
As you note, PRIDE is the nonprofit corporation established pursuant to Part II, Chapter 946, Florida Statutes. Section946.502(1), Florida Statutes, provides that "[i]t is the intent of the Legislature that a nonprofit corporation lease and manage the correctional work programs of the Department of Corrections." Pursuant to section 946.504(1), Florida Statutes, the Department of Corrections "shall lease buildings and land to the nonprofit corporation authorized to operate the correctional work programs, the members of which are appointed by the Governor and confirmed by the Senate." The question has arisen as to whether meetings of the board of directors of such nonprofit corporation are subject to Florida's Government in the Sunshine Law.
Question One
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, provides that all meetings of a board or commission of "any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times[.]"[1]
The Florida courts have recognized that the Sunshine Law is to be liberally construed to give effect to its public purpose.[2] In determining what entities are covered by the Sunshine Law, the Florida Supreme Court has stated that "[t]he Legislature intended to extend application of the _open meeting' concept so as to bind every _board or commission' of the state, or of any county or political subdivision over which [the Legislature] has dominion or control."[3]
In light of the above, this office in Attorney General Opinion 92-80 concluded that the board of directors of a legislatively created nonprofit corporation, Enterprise Florida, Inc., was subject to the requirements of section 286.011, Florida Statutes. Membership on the board was statutorily prescribed and was composed of both governmental and private entities, and the powers and duties of the corporation were prescribed by statute. Similarly in Attorney General Opinion 94-34 this office concluded that the Pace Property Finance Authority, Inc., a nonprofit corporation created by a county which created the Authority and prescribed its duties was subject to the dominion and control of the county and thus subject to the requirements of section286.011, Florida Statutes.[4]
In Prison Rehabilitative Industries and Diversified Enterprises,Inc. v. Betterson,[5] the First District Court of Appeal, after a fact intensive analysis of the authorizing legislation, held the Prison Rehabilitative Industries and Diversified Enterprises, Inc. (PRIDE) was an instrumentality of the state entitled to the benefits of sovereign immunity. The court found that the statutory scheme governing PRIDE contained numerous provisions for extensive governmental control over PRIDE's day-to-day operations sufficient for it to constitute an instrumentality of the state. For example, the court found: 1) the Department of Corrections leased the industry program to the not-for-profit corporation organized solely for the purpose of operating the program; 2) while PRIDE was accorded substantial independence in the running of the work programs, its essential operations nevertheless remain subject to a number of legislatively mandated constraints, including providing the Governor and Legislature annual independently audited financial statements and in-depth status reports; 3) PRIDE was subjected to both financial and performance audits by the auditor general; 4) PRIDE's Articles of Incorporation were subject to the Governor's approval; and 5) funds were provided by the state. These statutory constraints cumulatively constituted sufficient governmental control over PRIDE's daily operations to require the conclusion, as a matter of law, that PRIDE acted primarily as an instrumentality of the state.
While Betterson considered whether PRIDE was acting as an instrumentality of the state for purpose of sovereign immunity rather than the application of the Government in the Sunshine Law, the court recognized the significant ties between the nonprofit corporation and the state. Accordingly, in light of the above, I am of the opinion that section 286.011, Florida Statutes, applies to Prison Rehabilitative Industries and Diversified Enterprises. To the extent that any previous opinions of this office are inconsistent, they are hereby modified.[6]
Question Two
Section 286.011, Florida Statutes, requires that meetings of public boards or commissions be open to the public, that reasonable notice be given, and that minutes of the meetings be taken. While section 286.011(1) now specifically provides that reasonable notice must be given, the need for such notice has long been considered to be an essential element to holding a public meeting.[7]
The type of notice that must be given is variable and is dependent upon the facts of the situation and the board involved. In each case, however, the agency must give notice at such time and in such a manner as will enable the media and general public to attend the meeting. As the First District Court of Appeal recognized in Rhea v. City of Gainesville,[8] the purpose of the reasonable notice requirement is "to apprise the public of the pendency of matters that might affect their rights, afford them the opportunity to appear and present their views, and afford them a reasonable time to make an appearance if they wished." Thus, the Rhea court held that a complaint alleging that members of the local news media were contacted about a special meeting of the city commission one and one-half hours before the meeting stated a sufficient cause of action that the Sunshine Law had been violated.[9]
A fundamental requirement of the Sunshine Law is that meetings of entities covered by the Sunshine Law be "open to the public." The term "open to the public" as used in section 286.011, Florida Statutes, means open to all persons who choose to attend.[10] In addition, this office has advised public boards or commissions to avoid holding meetings at places where the public or press are effectively excluded.[11] For example, in Attorney General Opinion 96-55, this office advised a police pension board not to hold its meetings in a facility where the public has limited access and where they be a "chilling" effect on the public's willingness to attend by requiring the public to provide and leave identification while attending the meeting, and to request permission before entering the room where the meeting was being held.
Section 286.011, Florida Statutes, specifically requires that minutes be taken. This office has stated that such minutes may be a brief summary or series of brief notes or memoranda reflecting the events of the meeting.[12]
Accordingly, I am of the opinion that meetings of the board of directors of PRIDE must be conducted in accordance with the notice and procedural requirements of section 286.011, Florida Statutes. Reasonable notice must be given, the meeting must be open to the public and minutes must be taken and promptly recorded.
Question Three
You ask whether PRIDE may hold a closed meeting when discussing confidential material. Specifically you refer to the provisions of section 946.517, Florida Statutes, which provides that while PRIDE's records are public records, "proprietary confidential business information shall be confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution" although access is granted to the Legislature, the Chief Financial Officer, and the Governor, pursuant to their oversight and auditing functions.[13] While the statute creates an exemption from the Public Records Law, no reference is made to the Sunshine Law.
The Florida Supreme Court has held that in the absence of a statute exempting a meeting in which privileged information is discussed, section 286.011, Florida Statutes, should be construed as containing no exceptions.[14] In addition section 119.07(5), Florida Statutes, was amended in 1991 to clearly provide that an exemption from section 119.07 "does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s.286.011 must be expressly provided."[15]
In light of the above, this office has stated that exception to or exemptions from Chapter 119, Florida Statutes, do not by implication allow a public agency to close a meeting in which exempted material is to be discussed in the absence of a specific exception to or exemption from section 286.011, Florida Statutes.[16]
Accordingly, I am of the opinion that PRIDE may not hold a closed meeting when considering proprietary confidential business information in the absence of a specific exemption or exception to the open meeting requirements of section 286.011, Florida Statutes.
Question Four
Section 1, Article 4 of PRIDE's by laws provides in pertinent part:
"Members of the corporation shall be appointed by the Governor, subject to confirmation by the Senate, provided however, that the following shall automatically be members of the corporation:
* * *
(b) The Secretary of the Florida Department of Corrections."
Thus, you serve as the Secretary of the Florida Department of Corrections and as a member of board of directors of PRIDE.
You refer the provisions of section 946.517, Florida Statutes, which exempts proprietary confidential business information from disclosure under section 119.07(1), Florida Statutes, and ArticleI, section 24(a), of the Florida Constitution, and provides for its confidentiality.[17] Clearly as a member of PRIDE, you receive information, including proprietary confidential business information, regarding the corporation necessary to carry out your responsibilities as a member of the governing board of that corporation. I am not aware of any decision which would remove the confidentiality status afforded by section 946.517 for proprietary confidential business information when such information is sent to you at your address at the Department of Corrections provided such information is being provided to you as a member of PRIDE. This office has recognized in the context of the open government laws that public officials often serve in two capacities.[18]
Accordingly, I am of the opinion that if PRIDE sends you proprietary confidential business information as a member of the PRIDE board of directors, that information does not lose its exempt status by virtue of the fact that it was sent to your office in the Department of Corrections.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 286.011(1), Fla. Stat.
[2] See, e.g., Wood v. Marston, 442 So.2d 934 (Fla. 1983);Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[3] 245 So.2d 38, 40 (Fla. 1971).
[4] See also Ops. Att'y Gen. Fla. 94-35 (meetings of the Board of Directors of Sunshine State One-Call of Florida, Inc., a nonprofit corporation created pursuant to statute, are subject to Sunshine Law); 97-17 (nonprofit corporation created by city redevelopment agency to assist in implementation of agency's plan subject to s. 286.011); 98-55 (meetings of board of directors of the Council n Aging of St. Lucie, Inc., a nonprofit organization incorporated pursuant to the Community Care for the Elderly Act must comply with the Sunshine Law) and 98-42 (Florida High School Activities Association, Inc., having been designated as the governing organization of athletics in Florida public schools is subject to the Sunshine Law). And see News-Journal Corporation v.Memorial Hospital-West Volusia, Inc., 695 So.2d 418 (Fla. 5th DCA 1997), approved, 729 So.2d 373 (Fla. 1999), in which the court recognized a distinction between a contract in which the private entity provides services to a public body and a contract in which the private entity provides services in place of the public entity in determining whether a private entity was subject to the Sunshine Law.
[5] 648 So.2d 778 (Fla. 1st DCA 1994).
[6] You refer to a letter by one of my predecessors in office to the Honorable James Ward stating that this office was unable to determine whether PRIDE was subject to the dominion and control of the Legislature and thus subject to the Sunshine Law. In light of subsequent case law and opinions of this office, the office is now of the opinion that the Sunshine Law does apply to meetings of the PRIDE board of directors.
[7] The statutory provision relating to notice was adopted in 1995, see s. 1, Ch. 95-353, Laws of Fla.; prior to that time, however, a notice requirement was read into the statute by the courts. See Hough v. Stembridge, 278 So.2d 288 (Fla. 3rd DCA 1973) (although s. 286.011 does not specifically mention such a requirement, as a practical matter in order for a public meeting to be in essence "public", reasonable notice thereof is mandatory); Yardbrough v. Young, 462 So.2d 515 (Fla. 1st DCA 1985).
[8] 574 So.2d 221, 222 (Fla. 1st DCA 1991), citing Op. Att'y Gen. Fla. 73-170 (1973).
[9] Compare Yardbrough v. Young, supra, in which three days notice of a special meeting was deemed adequate. This office has suggested the following notice guidelines: 1) the notice should contain the time and place of the meeting and, if available, the agenda or if no agenda is available, subject matter summations; 2) the notice should be prominently displayed in an area in the agency's offices set aside for such purpose; 3) emergency sessions should be afforded the most appropriate and effective notice under the circumstances and special meetings should have at least twenty-four hours reasonable notice to the public; and 4) the use of press releases and/or telephone calls to the media is highly effective and on issues of critical public concern, advertising in the local newspapers of general circulation is appropriate. See Government in the Sunshine Manual, 2004 Edition, p. 35.
[10] See Op. Att'y Gen. Fla. 99-53 (1999).
[11] See Op. Att'y Gen. Fla. 71-295 (1971); and see Op. Att'y Gen. Fla. 71-159 (1971) (discussions at meeting which are only audible to those seated may violate s. 286.011).
[12] See Op. Att'y Gen. Fla. 82-47 (1982).
[13] Section 946.517, Fla. Stat., defines "Proprietary confidential business information" to mean:
"[I]nformation regardless of form or characteristics, that is owned or controlled by the corporation; is intended to be and is treated by the corporation as private and the disclosure of the information would cause harm to the corporation's business operations; has not been disclosed unless disclosed pursuant to a statutory provision, an order of a court or administrative body, a legislative proceeding pursuant to s. 5, Art. III of the State Constitution, or a private agreement that provides that the information may be released to the public; and, which is information regarding: (1) Internal auditing controls and reports of internal auditors. (2) Matters reasonably encompassed in privileged attorney-client communications. (3) Security measures, systems, or procedures. (4) Information concerning bids or other contractual data, banking records, and credit agreements, the disclosure of which would impair the efforts of the corporation to contract for goods or services on favorable terms. (5) Information relating to private contractual data, the disclosure of which would impair the competitive interest of the provider of the information. (6) Corporate officer, employee personnel, or inmate worker information unrelated to compensation, duties, qualifications, or responsibilities."
[14] See City of Miami v. Berns, 245 So.2d 38 (Fla. 1971).
[15] See s. 1, Ch. 91-219, Laws of Florida. The statute was amended after several district courts had held that certain proceedings could be closed when considering confidential material.
[16] See, e.g., Ops. Att'y Gen. Fla. 95-65 (1995) (district case review committee), 93-41 (1993) (criminal justice commission), 91-88 (1991) (pension board), and 91-75 (1991) (school board).
[17] See n. 13, supra.
[18] Cf. Op. Att'y Gen. Fla. 81-88 (1981) in which this office stated that the Sunshine Law was not applicable to meetings of the mayor and city commissioners where the mayor performs the duties of city manager and the city commissioners individually serve as the head of a city department when the meeting is held by such officers in their capacity as department heads for the purpose of coordinating administrative and operational matters between executive departments.